[Sac. No. 1529. In Bank.—October 16, 1908.]

## M. W. BRADLEY, Respondent, v. F. ROSENTHAL, Respondent, and SUNSET TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Appellant.

PRINCIPAL'S LIABILITY FOR ACT OF AGENT—EFFECT OF JUDGMENT EXONERATING AGENT.—Where a recovery is sought in an action against a principal and his agent, based upon the act or omission of the agent which the principal did not direct and in which he did not participate, and for which his responsibility is simply that cast upon him by law by reason of his relationship to his agent, a judgment in favor of and exonerating the agent generally *ex propria vigore* relieves the principal of responsibility, and may be availed of by the principal for that purpose.

ID.—NEGLIGENCE—DEFENDANTS AS ALLEGED TORT-FEASORS—NEGLIGENCE OF AGENT—JUDGMENT EXONERATING AGENT AND HOLDING PRINCIPAL—APPEAL.—Where an action is brought against a corporation and an individual, by their alleged employee, to recover damages for personal injuries alleged to have been caused by the negligence of the defendants as joint tort-feasors, and the defendants answer separately, the corporation denying its employment of the plaintiff or that its co-defendant was its agent, and the individual defendant admitting the employment but alleging that he was acting solely as agent for the corporation, and the evidence conclusively shows that whatever negligence there may have been was exclusively the negligence of the individual defendant in the commission of which the corporation neither directed nor participated, a judgment rendered against the corporation and in favor of the individual defendant will be reversed and a new trial ordered, on an appeal therefrom by the corporation directed to both the plaintiff and its co-defendant.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, and Dixon L. Phillips, for Appellant.

Maurice E. Power, and William H. Alford, for Plaintiff and Respondent.

G. W. Zartman, for Defendant and Respondent.

HENSHAW, J.—Plaintiff sued to recover damages for personal injuries sustained by him. In his complaint he set forth that he was employed by the defendants to aid in the construction of a telephone line; that his employment consisted in helping to set up and erect poles and place thereon wires and other necessary appliances; that the defendants agreed to furnish suitable and proper poles; "that said defendants carelessly, negligently and with want of ordinary care on their part, furnished certain poles which were very brittle and unfit for said purposes, and the fact of the unfitness of such poles was known to said defendants at the time they furnished the same, but was unknown to plaintiff." He then alleges that while in the course of his employment he was in the act of ascending one of the poles in a careful and workmanlike manner, the pole "by reason of its brittleness and unfitness for said purpose broke" and he was thrown violently to the ground, sustaining the injuries for which he seeks damages. The defendants answered separately. Defendant Rosenthal admitted his employment of the plaintiff, but alleged that in so employing he acted solely as the agent of the co-defendant telephone company. He denied the furnishing of unfit and unsuitable poles, and in this regard alleged that the plaintiff represented to defendant that he was an experienced and skilled lineman, competent to erect and set up poles for telephone lines, and that the plaintiff, at defendant's direction, himself selected the poles which were used. The telephone company in its answer denied all responsibility for, and participation in, the construction of the telephone line; denied that it employed the plaintiff; denied that it furnished or agreed to furnish suitable or any poles, and denied that it had furnished unsuitable poles. Under the issues thus joined trial was had before a jury.

It is to be noted that the plaintiff charges that he was employed by "the defendants" and that the negligence which

occasioned his accident and injury was the negligence of the defendants. So far as appears from the complaint, therefore, both of the defendants were principals in the negligent act. By the answers, radically different issues were tendered, the defendant telephone company denying responsibility for or participation in the construction of the telephone line and denying that it had ever employed the plaintiff, the defendant Rosenthal admitting his employment of plaintiff, but pleading that in employing him he was acting as agent of his principal the telephone company. Evidence was addressed to these issues. On behalf of the telephone company it was sought to be shown that Rosenthal was building the telephone line upon his own responsibility and not as agent of the telephone company; that his method was to construct such lines in the rural districts at his own risk and cost, and when constructed seek and obtain telephonic connection with the lines of the telephone company. Rosenthal, on the other hand, contended, and introduced evidence to show, that he was building the line for the telephone company, and in managing the work of construction he was acting as its agent.

As to the occasion of the accident, it is not disputed that it resulted from the breaking of a telephone pole, the selection of which was not made, nor directly authorized to be made by the telephone company, but was made by the defendant Rosenthal.

At the request of the defendant Rosenthal the court gave the following instruction: "If you believe from the testimony that F. Rosenthal, acting as agent of the Sunset Telephone and Telegraph Company . . . employed the plaintiff as a lineman to work for said company and that he was in the employ of said company at the time of the injury complained of, then in no event can said Rosenthal be held liable in this action, but should you find in favor of plaintiff your verdict must be against the Sunset Telephone and Telegraph Company only." And again the court charged the jury: "If defendant Rosenthal was the agent of the defendant Sunset Telephone and Telegraph Company, and acting as and in the capacity of agent of said company employed plaintiff to work on said line and poles, you cannot find or assess any damages against him." The jury returned a verdict in favor of defendant Rosenthal and against the telephone and telegraph company.

Judgment was entered accordingly. The defendant telephone company moved for a new trial, which motion was denied, and it appeals from the judgments in favor of plaintiff and in favor of Rosenthal, and also from the order refusing its motion for a new trial, serving notice of appeal both upon plaintiff and upon its co-defendant.

Appellant argues that the evidence establishes without conflict that if it be responsible at all it is responsible solely because of the relationship of principal and agent found to exist between itself and the co-defendant Rosenthal; that not one word of evidence tends to establish any direct personal participation, personal knowledge or personal culpability upon its part, or that its employee Rosenthal was in any way carrying out its express instructions in the particular matter for the doing of which negligence is charged; that under such circumstances the employer is liable only because of the rule of law which holds him responsible, as well for the undirected as for the directed act of the agent within the scope of his employment; that in such kind of cases where there have been no express instructions for the doing of the act complained of in the particular way, the principal and agent, master and servant, are not joint tort-feasors as the law employs that term. The employee's responsibility is primary. He is responsible because he committed the wrongful or negligent act. The employer's responsibility is secondary, in the sense that he has committed no moral wrong, but under the law is held accountable for his agent's conduct. While both may be sued in a single action, a verdict exonerating the agent, must necessarily exonerate the principal, since the verdict exonerating the agent is a declaration that he has done no wrong, and the principal cannot be responsible for the agent if the agent has committed no tort. While no right of contribution exists between joint tort-feasors, whether sued separately or collectively, there exists in the kind of case here presented much more than the mere right of contribution. The principal who has been obliged thus to pay for the unauthorized negligent act of his agent resulting in injury may indemnify himself to the full amount against his agent.

These legal propositions, it will be seen, receive universal recognition. Applying them to the present case, appellant

argues that the verdict of the jury in favor of Rosenthal must be construed as their finding that he was not negligent, and as the appellant could be responsible only because Rosenthal was its agent, the judgment against it must be reversed, and upon the authority of *Doremus* v. *Root*, 23 Wash. 710, [63 Pac. 572], this court should order a like judgment in favor of it.

Upon the general question here presented as to the correlative rights of master and servant, principal and agent, to indemnity, Cooley thus clearly enunciates the well-settled principle (1 Cooley on Torts, 3d ed., p. 255): "A case in point is where a railroad company is made to pay damages for an injury caused by the carelessness of one of its servants. Here the injured party may justly hold both the company and its servants to responsibility; but the actual wrong, so far as it is one in morals, is on the part of the servant alone, and the company is holden only through its obligation to be accountable for the action of those to whom it intrusts its business. As between the company and its servants, the latter alone is the wrong-doer, and in calling upon him for indemnity, the company bases no claim upon its own misfeasance or default, but upon that of the servant himself. On the other hand, suppose the servant be directed by the officers of the company to do a certain act which it turns out they had no right to do, and for doing which he is made to pay damages. Here, if the act was a plain and manifest wrong, as would be leaving the cars to commit a battery, the servant can have no indemnity, because he must have known the act to be unlawful, but if the act directed was one he had reason to suppose was legal, and he obeyed directions on that supposition, it would ill become the railroad company to demand that he be treated as a wrong-doer when called upon to indemnify him against the consequences of the act its officers had directed. In such a case the servant is not in morals a wrong-doer at all, and his claim to indemnity would be based upon a faithful obedience to orders which he had a right to presume were rightful, nothing to the contrary appearing." (See, also, 9 Ency. of Law & Prac., p. 807; 9 Storey on Agency, p. 271; *Bailey* v. *Bussing*, 28 Conn. 453; *Old Colony R. R. Co.* v. *Slavens*, 148 Mass. 363, [12 Am. St. Rep. 558, 19 N. E. 372]; *Grand Trunk Railway*

*Co.* v. *Latham,* 63 Me. 177; *Featherson* v. *Newburgh & C. Turnpike,* 71 Hun, 109, [24 N. Y. Supp. 603]; *New Orleans etc. R. R. Co.* v. *Jopes,* 142 U. S. 18, [12 Sup. Ct. 109]'; *Montfort v. Hughes,* 3 E. D. Smith, (N. Y.) 591; *Culmer* v. *Wilson,* 13 Utah, 129, [57 Am. St. Rep. 713, 44 Pac. 833].)

Where recovery is sought, based upon the act or omission of an agent which the principal did not direct and in which he did not participate, where, thus, his responsibility is simply the responsibility cast upon him by law by reason of his relationship to his agent, the effect of the judgment in favor of and exonerating the agent is learnedly considered in *Doremus* v. *Root,* 23 Wash. 710, [63 Pac. 572]. Generally speaking, it may be said that such a judgment in favor of the agent *ex propria vigore* relieves the principal of responsibility and may be availed of by the principal for that purpose. Thus in *Lake Shore etc. R. Co.* v. *Goldberg,* 2 Ill. App. 228, several defendants had been sued in trespass, and one who had joined in the act of trespass and had acted as the agent of appellant had been acquitted. Appellant had acted only through the agent, and in its own defense offered the judgment of acquittal. The court holding the defense good, said: "But where the real actor, none the less liable personally, because acting for another, is not guilty, it necessarily follows that the party for whom he acted cannot be. The principal can be no more guilty by reason of the act of his agent than if he had committed the act in person and the party who was alone charged to have committed the act in person was conclusively adjudged not guilty. We see no way of escape from our conclusion, and for authority refer to *Thomas* v. *Rumsey,* 6 Johns, (N. Y.) 26, and *Henry* v. *Fowler,* 39 Me. 326, [63 Am. Dec. 627]." In *Doremus* v. *Root,* 23 Wash. 710, [63 Pac. 572], the action was brought to recover damages for injury sustained by plaintiff. It was prosecuted against the railroad company and against Root, the conductor of the company's train. It was charged that the conductor Root did not obey orders and by his negligence caused a collision. After trial the jury rendered its verdict in favor of Root and against the railroad company. Judgment followed and the company appealed. The case received elaborate consideration. The judgment in favor of Root was not appealed from. Such being the condition it was not subject to reversal. The

supreme court of Washington was compelled to hold that the case was one where the jury had found that the servant, who alone was charged with the culpable act, had committed no wrong and that of necessity therefore the employer could have committed no wrong. Unable to reverse the judgment in favor of Root, it was constrained to decree the exoneration of the principal.

As has been said, the appellant here contends for a like ruling, but in certain vital aspects the case at bar differs from *Doremus* v. *Root.* Here an appeal has been taken from the judgment in favor of Rosenthal and there is no such embarrassment as confronted the supreme court of Washington. Upon the other hand, while appellant in seeking a judgment in its favor, is asking more than it is entitled to, respondent in turn makes a like request in arguing for an affirmance of the judgments as they stand. Herein he urges that his complaint charged both defendants equally as joint tort-feasors; that in such a case it is well settled that a verdict may pass for one and against another; that this was the result in the case at bar; that the jury must be held to have followed the erroneous instruction of the court in exonerating Rosenthal, or, in other words, must be held to have determined that Rosenthal was acting as the agent of the telephone company and that this determination by the jury fixes, at any rate, the liability of the company and that it can matter not that Rosenthal was, under the erroneous instructions, allowed to escape just liability. But there are many and insurmountable objections to this view. While it is true that the complaint charges both of the defendants as having been culpably negligent, the evidence beyond peradventure established that whatever negligence there was, was exclusively the negligence of Rosenthal and that it was a negligence not directed nor participated in by the telephone company. Again, the issue of agency or non-agency was in controversy between the parties and was important because of the right to indemnification which the principal has for such negligent act of his agent. The effect of the verdict in favor of Rosenthal in a matter thus litigated between the parties would be to bar the principal's right of recovery over. And, finally, this appeal can be denied only upon a declaration by this court that the jury's verdict in favor of Rosenthal was based upon the

erroneous instructions. But under the circumstances such a declaration cannot judicially be made. The evidence upon the question of the negligence was conflicting; a counter charge of contributory negligence was also made against the plaintiff and the jury was properly instructed that if the plaintiff was guilty of contributory negligence he could not recover, and if the defendants were not guilty of negligence plaintiff could not recover. Under the evidence presented the jury might have reached the conclusion that the defendant Rosenthal was not negligent at all, in which case it should have rendered a verdict in his favor. If it be said that a jury would stultify itself in holding that an agent was not guilty of negligence and at the same time holding his principal responsible because of the agent's negligence, and that therefore it must be concluded that the jury followed the erroneous instruction, answer must be made that juries have done precisely this thing and that the case of *Doremus* v. *Root* is a typical instance of it. Judicially, therefore, it cannot be declared whether the verdict of the jury in favor of Rosenthal was based upon the correct instructions given by the court, or upon the incorrect ones. If upon the incorrect instructions, then appellant is injured since the judgment exonerates its agent from whom it is entitled to seek indemnity. If upon the correct instructions, then also is appellant injured since, if the agent was free from negligence, the principal was also entitled to the jury's verdict.

For these reasons it is held that the judgment in favor of Rosenthal and the judgment against the appellant must both be and hereby are reversed and the cause remanded for a new trial.

Shaw, J., Angellotti, J., Sloss, J., and Lorigan, J., concurred.