[S. F. No. 6269.   Department Two.—February 8, 1915.]

## MARSHALL AND STEARNS COMPANY (a Corporation), Appellant, v. DENEEN BUILDING COMPANY et al., Defendants, J. W. PAUSON et al., Interveners and Respondents.

NEW TRIAL—NOTICE OF INTENTION—SERVICE ON ALL PARTIES.—In order that the trial court may have jurisdiction of a motion for a new trial, the notice of intention to move must be served upon all parties to the action, whether they have appeared or not, whose interests may possibly be affected by the judgment in the trial sought to be had.

ID.—SERVING OF NOTICE OF MOTION—WAIVER—JURISDICTION.—The question of want of service of the motion for a new trial, as depriving the court of jurisdiction to consider the motion, is not waived through not being raised in the trial court; since failure to serve all parties to the issue involves a jurisdictional defect which is available at any time and in any court in which the cause may be pending.

ID.—FORECLOSURE OF MECHANICS' LIEN—FAILURE TO SERVE NECESSARY PARTIES—DENIAL OF NEW TRIAL—AFFIRMANCE OF ORDER ON APPEAL. In an action to foreclose a lien for materials furnished and used in the construction of a building, where the relief of foreclosure is refused and a money judgment is rendered in favor of the plaintiff solely against the contractor, and plaintiff's notice of intention to move for a new trial is only served upon persons who intervened as owners, and not upon defendants who were alleged in the complaint to be the owners of the property sought to be charged with the lien and to have contracted for the erection of the building, and the motion for new trial is denied, the order must be affirmed on appeal for failure to serve the necessary parties, notwithstanding such unserved parties did not appear in the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. J. M. Seawell, Judge

The facts are stated in the opinion of the court.

Joseph E. Bien, for Appellant.

A. L. Weil, for Respondents.

MELVIN, J.—Plaintiff appeals from an order denying its motion for a new trial.

The action was one brought to foreclose a lien for materials furnished and used in the construction of a certain building in the city and county of San Francisco known as the Cornelia Hotel Apartments. The complaint alleged that J. A. Deneen and H. M. Deneen were the owners of the real property upon which the said building was constructed; that they contracted with the Deneen building Company to erect the building; and that the agreement upon which the materials were furnished was one made by and between the plaintiff and the Deneen Building Company. The three Pausons, Lowenstein, and Seeley intervened as owners of the fee.

The court found that at all times mentioned in the complaint Morris Siminoff was the owner of the land therein described; that prior to the making of the contract between the Deneen Building Company and the plaintiff, Morris Siminoff entered into an agreement with J. A. Deneen to sell to him the real property described in the complaint for fifty-two thousand dollars, that neither J. A. nor N. M. Deneen ever contracted with the Deneen Building Company to construct the building described in the complaint; that on the sixteenth day of October, 1906, plaintiff and the Deneen Building Company entered into the contract pleaded and that with the exception of certain tables which were never affixed to the building, the materials described in plaintiff's claim of lien had been furnished by that corporation to the Deneen Building Company and had been actually used in the building on the land described in the complaint; that only a part of the contract price had been paid; that plaintiff had performed all of the terms of its contract; that on January 21, 1908, J. A. and N. M. Deneen duly filed notice of completion of the building on behalf of the owners; that within three days after he had obtained knowledge of the construction and intended construction of the building referred to in plaintiff's complaint, Morris Siminoff, as owner of the land therein described, posted a notice in a conspicuous place on said land that he would not be responsible to laborers or materialmen for any work or materials furnished on the building; that on the first day of October, 1907, and before plaintiff had furnished any materials for the building, J. A. Deneen and N. M. Deneen executed to the interveners a deed of trust as security

for a loan of fifty thousand dollars, and that on January 29, 1908, in accordance with said deed of trust and upon the same security the further sum of thirty thousand dollars was loaned by the interveners to the Deneens; that on or about March 26, 1908, the Deneens having defaulted in the performance of the terms of the deed of trust, the property described in said deed was sold by the trustees to the interveners; and that subsequently the interveners, pursuant to order of court in that behalf given, paid to the estate of Morris Siminoff, deceased, the amount due for the land under Siminoff's contract with J. A. Deneen, and took conveyanec of the said land from said estate; and that the money paid to the estate of Siminoff was used by the executors to discharge the lien of a mortgage on the land which had existed from a time long prior to the making of the contract between Siminoff and the Deneens. The judgment in accordance with the findings of fact and conclusions of law was that the plaintiff take nothing by its action in so far as the foreclosure of its asserted lien was concerned; that judgment be entered in favor of plaintiff against the Deneen Building Company for $6541.35 with interest; and that interveners should recover their costs. It was recited in the judgment that there was no appearance at the trial for the defendants. The default of N. M. Deneen had been previously entered.

The respondents assert that the order denying the motion for a new trial must be affirmed for the reason that the court below had no jurisdiction to grant a new trial. It is the contention of respondents that where, as here, the notice of intention to move for a new trial was not served upon all of the interested parties, this court is without power to disturb the order denying the motion. The record contains a notice addressed to the interveners only and there is no showing that the other litigants were served. If they were "adverse parties" within the meaning of the decisions, undoubtedly this case comes under the rule announced in such cases as *Niles* v. *Gonzales,* 155 Cal. 362, [100 Pac. 1080], but it is contended by appellant that since the defendants did not appear at the trial they were neither "adverse" nor "necessary" parties; that they all disclaimed interest in the property in question and the court found that they had no interest. The money judgment against the Deneen Building Company for the amount due on that corporation's contract with plaintiff

would not be changed, say appellant's counsel, if a new trial were ordered upon the issue litigated by the intervening respondents,—namely, whether or not a lien should be foreclosed upon their property. It is not questioned by respondents that failure to serve all the parties is of no moment if the questions raised by the appeal may be determined without affecting the interests of the parties unserved. This rule is announced in such cases as *Bell* v. *San Francisco Savings Union,* 153 Cal. 71, [94 Pac. 225], and *Bell* v. *Staacke,* 159 Cal. 195, [115 Pac. 221]. But the respondents insist that none of the findings attacked by appellant could be modified or set aside without affecting the interests of at least two of the unserved defendants. In this behalf they quote from *Herriman* v. *Menzies,* 115 Cal. 16, 26, [56 Am. St. Rep. 82, 35 L. R. A. 318, 44 Pac. 660, 46 Pac. 730] : "The superior court can have no jurisdiction to re-examine an issue of fact that it has tried and change its decision thereon, unless all the parties to the issue and former decision are properly before it." An examination of the findings convinces us that the position taken by respondents is correct.

The first finding attacked is one to the effect that "Neither J. A. Deneen nor N. M. Deneen entered into a contract with Deneen Building Company to erect a building on the land described in plaintiff's complaint." If we should reverse the order of the lower court on the grounds presented by appellant—that this finding is unsupported by the evidence, but if supported that the testimony upon which it was based was erroneously admitted—we would affect the rights of the unserved Deneens and the Deneen Building Company. No judgment was entered against either of the Deneens, but a money judgment was given against Deneen Building Company. It is true that none of the defendants appeared at the trial, but this does not alter the fact that if a new trial were granted it would be necessary to relitigate matters pertaining to their rights. It might well be that on a new trial the court might find the existence of a contract between the Deneens and the Building Company by the terms of which the individuals had agreed to assume the debts of the corporation, and the money judgment might be given against the Deneens instead of against the Deneen Building Company. Or the money judgment might be again given against the corporation but with additional costs. There is a finding that the Deneens duly filed

notice of the completion of the building on behalf of the owners.   Appellant insists that the court should have found the Deneens to have been the ''reputed owners'' of the building. It will be seen at once that under the changed finding which appellant demands, the rights of the Deneens would be entirely different from those which they might have under the existing judgment.

Appellant asserts that there is no evidence to sustain that part of one of the findings which is that the claim of lien filed by plaintiff on February 20, 1908, did not state the name of the owner of the property.   We may not review this contention for the same reason stated above—that the rights of unserved defendants are involved.   In the complaint it was averred that the Deneens were at all times alleged therein the owners of the property in question.   Surely a finding supporting that allegation would injuriously affect them.

It is not necessary to analyze all of the findings reviewed by appellant and specified by counsel as erroneous.   We have carefully examined them and conclude that they all involve matters in respect to which unserved defendants are necessary parties.   We must hold accordingly that the failure to serve notice of motion for new trial upon adverse parties necessitated the denial of that motion in the superior court and on this appeal requires this court to affirm the order denying such motion.   (*Johnson* v. *Phenix Ins. Co.*, 152 Cal. 197, [92 Pac. 182] ; *Estate of Young*, 149 Cal. 176, [85 Pac. 145].)

There is no merit in the contention that respondents waived their right to raise the question of want of service of the motion for a new trial upon necessary parties by failing to present the point in the lower court.   It must be remembered that the failure to serve all parties to the issue involves a *jurisdictional* defect which is available at any time and in any court in which the cause may be pending.

The order denying appellant's motion for a new trial is affirmed.

Lorigan, J., and Henshaw, J., concurred.