[Civ. No. 12271. Second Appellate District, Division Two.—October 23, 1939.]

RALPH H. JOHNSTON, Jr., a Minor, etc., Respondent, v. THE CITY OF SAN FERNANDO (a Municipal Corporation) et al., Appellants.

Joe Crider, Jr., Elber H. Tilson and John J. Ford for Appellant City of San Fernando.

C. Ransom Samuelson, Joseph A. Ball and Frank C. Charvat for Respondent.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries which he suffered when an automobile in which he was riding collided with an automobile driven by defendant Ward. At a jury trial it was stipulated that at the time of the collision defendant Ward was an employee of defendant City of San Fernando engaged in the performance of his duties as such employee. The jury returned a verdict in favor of defendants and thereafter the trial court granted a motion for a new trial ''on the grounds of insufficiency of evidence to sustain the verdict''. Defendants appeal from the order granting a new trial.

It is the contention of defendants that notice of intention to move for a new trial was not served upon defendant Ward and consequently the trial court was without jurisdiction to grant the motion for a new trial. Separate answers were filed by the defendants, the answer of defendant Ward being signed by attorneys Hill & Baumgarten and the answer of defendant city being signed by attorney C. A. Pinkham. At the trial attorney Baumgarten represented defendant Ward and defendant city was represented by attorney Elber H.

Tilson, of the staff of attorney Joe Crider, Jr. No substitution of attorneys on behalf of defendant city appears in the record before us but this is immaterial since no claim is made that the service on attorney Crider was ineffective as regards the service of notice upon defendant city. The record discloses that the only service of notice of intention to move for a new trial was made upon attorney Joe Crider, Jr., which service was made by mail.

 It is made mandatory by section 659 of the Code of Civil Procedure that a party intending to move for a new trial shall serve upon the adverse party a notice of intention so to do. The term "adverse party" includes every party whose interest in the subject-matter of the motion will be affected by the granting of the motion. The superior court is without jurisdiction to reexamine an issue of fact that has been tried and change its decision thereon unless all of the parties to the issue have been properly brought before it by serving the required notice. (*Herriman* v. *Menzies,* 115 Cal. 16 [44 Pac. 660, 46 Pac. 730, 56 Am. St. Rep. 81, 35 L. R. A. 318]; *Marshall & Stearns Co.* v. *Deneen Bldg. Co.,* 169 Cal. 229 [146 Pac. 684].) Defendant Ward was not only interested in any judgment that might be rendered against himself but he was also interested in any judgment that might be rendered against his employer, defendant City of San Fernando. An employer against whom a judgment has been rendered for damages occasioned by the unauthorized negligent act of an employee may recoup his losses in an action against the negligent employee. (*Myers* v. *Tranquility Irr. Dist.,* 26 Cal. App. (2d) 385, 389 [79 Pac. (2d) 419].) An additional reason why a new trial may not be ordered against defendant city upon failure to serve notice upon defendant Ward is founded on the rule that an employer may not be held for damages in a tort action after exoneration of the employee where the alleged negligent act of the employee was not directed or ratified by the employer and the liability of the employer results only from the application of the doctrine of *respondeat superior.* (*Davison* v. *Diamond Match Co.,* 10 Cal. App. (2d) 218 [51 Pac. (2d) 452]; *Bradley* v. *Rosenthal,* 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171].) Since the judgment in favor of defendant Ward must stand for failure to serve him with notice of intention to move for a new trial it follows that no judgment can be rendered against his employer, defendant

city. No appeal was taken from the judgment entered in favor of defendant Ward.

█ Plaintiff does not question any of the principles above mentioned but argues that Mr. Tilson was authorized to act as attorney for defendant Ward and that therefore service upon Crider or Tilson was sufficient to confer jurisdiction on the trial court to grant the motion for a new trial. To uphold his contention he refers to the fact that his own attorney, Mr. Baumgarten, examined only two of the witnesses and partially examined another, whereas Mr. Tilson examined and cross-examined all of the witnesses; Mr. Tilson made most of the objections to testimony and on a number of occasions waived the rights of both defendants and entered into stipulations on behalf of both defendants, Mr. Baumgarten remaining silent. After the notice of intention to move for a new trial was served upon Crider a stipulation was prepared in Crider's office by which it was stipulated that counsel for defendants might have until September 6th within which to file counter points and authorities. This stipulation was signed by plaintiff's attorney and by ''Joe Crider, Jr., attorney for defendants''.

We find nothing in the record to indicate that Mr. Ward took any action which would lead plaintiff to believe that he was being represented by Mr. Tilson or Mr. Crider. It is doubtless true that Mr. Tilson was the leading counsel at the trial and took a part which was far more active than the part taken by Mr. Baumgarten. The fact that Tilson stipulated that the jury was present and made other routine stipulations and later announced that the defendants rested their case, while Baumgarten remained silent, does not amount to an authorization from Ward to Tilson to act in his behalf. It is well known that such procedure is quite common in trials where the rights of the defendants are not adverse. Moreover, it appears that Mr. Baumgarten did in fact take active part in the trial, and personally entered into some of the stipulations. Mr. Ward was represented by Mr. Baumgarten, who alone could act for him. █ While a litigant has a duly employed attorney of record, that attorney retains the exclusive right to appear and control the proceedings at the trial. (*Electric Utilities Co.* v. *Smallpage,* 137 Cal. App. 640 [31 Pac. (2d) 412].) That the court recognized Mr. Baumgarten rather than Mr. Tilson as attorney for Mr. Ward is evident from the fact that on adjournment on

one evening the adjournment was taken until 10:30 o'clock on the following morning so that Mr. Baumgarten might attend to a matter pending in another court. If Mr. Tilson had been representing Mr. Ward there would have been no reason for delaying the trial during Mr. Baumgarten's absence. The act of counsel for defendant city in signing the stipulation for additional time to file authorities in opposition to the motion for a new trial, "for defendants", is claimed by him to have been inadvertently done. Whether or not it was done inadvertently is immaterial since counsel for defendant city had no right to sign a stipulation on behalf of a party he was not authorized to represent. It is not shown that defendant Ward authorized the erroneous wording in the stipulation. Apparently counsel for plaintiff inadvertently omitted to serve counsel for defendant Ward with his notice of intention to move for, a new trial, but such inadvertence, if it may be so called, was fatal in that it left the court without jurisdiction to grant the motion.

The order is reversed.

Moore, P. J., and McComb, J., concurred.