[Civ. No. 17320. Second Dist., Div. Two. June 22, 1950.]

WILLIAM J. SPRUCE, Respondent, v. IRENE E. WELL-MAN et al., Defendants; THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY et al., Appellants.

Lawler, Felix & Hall, Leslie C. Tupper and Leland B. Conant for Appellants.

Leonard Wilson for Respondent.

WILSON, J.—Action for personal injuries against Irene E. Wellman, The Pacific Telephone and Telegraph Company, and Francis Shade Connelly, the latter's employee. After trial by jury a verdict was rendered in favor of defendants Telephone Company and Connelly. Judgment was entered on the verdict.

Plaintiff's injuries resulted from a collision between an automobile driven by Ernest L. Wellman and a truck owned by the telephone company and driven by Connelly while in the course of performing his duties as an employee.

In due time plaintiff filed a "notice of motion for a new trial" which is addressed: "To the Defendant, Irene Wellman

and to her attorney, Clarence B. Runkle, and to the defendant, Pacific Telephone & Telegraph Company, a corporation, and to its attorneys, Lawler, Felix & Hall, Leslie C. Tupper and Leland B. Conant." The affidavit of service by mail recites' that the notice of motion for a new trial was served on Irene Wellman and Pacific Telephone and Telegraph Company by mailing it to their respective attorneys, naming them. The notice is not addressed to Connelly and the affidavit of mailing does not state that it was mailed to him or to his attorneys.

The motion for a new trial was granted on the ground of insufficiency of the evidence to sustain or justify the verdict of the jury and the judgment entered thereon.

After the granting of the motion, plaintiff served a notice of the ruling addressed to all defendants *including Connelly* and the affidavit of service by mail states that the notice of ruling was served "on the Defendants in said action" by mailing to their respective attorneys.

Defendants The Pacific Telephone and Telegraph Company and Connelly have appealed from the order granting a new trial.

Plaintiff's action against the telephone company is based on the theory of *respondeat superior.* If Connelly is not liable the company is not liable. Since the notice of motion for a new trial was not addressed to Connelly he was not called upon to defend against the motion and the court was without power to grant it as to him. Nevertheless, the court's order is general in form, not specifying the parties upon whom it was intended to operate.

"The party intending to move for a new trial must, . . . file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, . . ." (Code Civ. Proc., § 659.) The term "adverse party" means and includes every party who will be adversely affected by the granting of the motion. In the absence of service on the adverse party of notice of intention to move for a new trial the superior court is without jurisdiction to grant the motion. An "adverse party" is one whose interest in the subject matter is adverse to or will be affected by the granting of the motion, and if the notice is not addressed to or served upon a person who is an adverse party the court cannot grant a new trial upon any issue affecting his interest. (*Title Ins. & Tr. Co.* v. *California Development Co.,* 171 Cal. 173, 194 [152 P. 542] ; *Marshall-Stearns Co.* v. *Deneen Bldg. Co.,* 169 Cal. 229, 231-2 [146 P. 684].) Section 659 of the Code of Civil Procedure is mandatory and

the superior court is without jurisdiction to reexamine an issue of fact that has been tried or to change its decision thereon unless all parties to the issue have been properly brought before it by service of the required notice. (*Johnston* v. *City of San Fernando*, 35 Cal.App.2d 244, 246 [95 P.2d 147].) ■ A motion for a new trial is "a new statutory proceeding, collateral to the original proceeding" and constitutes a new action brought to set aside the judgment (*Frowden* v. *Pacific Coast Steamship Co.*, 149 Cal. 151, 154 [86 P. 178].) ■ The parties to such collateral proceeding are determined by the notice of motion and "jurisdiction of the parties, other than the moving party, is obtained by the service upon them of such notice." (*Bell* v. *San Francisco Savings Union*, 153 Cal. 64, 69 [94 P. 225].) The employee's responsibility is primary because he committed the negligent act, if any was committed, and the employer's responsibility is secondary in that he committed no moral wrong but is held accountable for his agent's conduct. Hence a verdict exonerating the agent must necessarily exonerate the principal, since the jury's declaration that the agent has done no wrong amounts to a declaration that the principal cannot be responsible for a wrong which the agent did not commit. (*Bradley* v. *Rosenthal*, 154 Cal. 420, 423 [97 P. 875, 129 Am.St.Rep. 171].)

The court granted the motion for a new trial on the ground that the evidence was insufficient to sustain the verdict. Therefore by its order the court purported to hold that the evidence was insufficient to exonerate Connelly from negligence; but Connelly was an adverse party to any proceeding in which there was an attempt to hold him liable after the jury had declared he was blameless. Therefore, since he was not made a party to the new trial proceedings he is not affected by the order granting a new trial any more than he could be bound by a judgment without service of summons and complaint upon him.

Connelly was an interested party since, in the event of a judgment against the telephone company for damages occasioned by his unauthorized act of negligence, the company may recoup its loss from him. (*Bradley* v. *Rosenthal, supra; Myers* v. *Tranquility Irr. Dist.*, 26 Cal.App.2d 385, 389 [79 P.2d 419]; *Johnston* v. *City of San Fernando, supra*, p. 246.) ■ Since the motion was not addressed to Connelly and the affidavit of service by mail does not show that service

was made upon him personally or by service upon his attorneys, the fact that the same attorneys represented both Connelly and the telephone company and service was made on the attorneys for the company did not vest jurisdiction in the court to make an order affecting Connelly. (*Estate of Pendergast,* 143 Cal. 135, 138 [76 P. 962].)

Since the liability of the telephone company rests on the negligence, if any, of Connelly, no independent act of negligence on the company's part having been alleged or proved, and since the order granting the new trial was not effective for want of jurisdiction to disturb the verdict declaring Connelly was not negligent, the telephone company cannot be held to have been negligent and is exculpated by the exoneration of Connelly. ■ The judgment entered on the verdict in favor of Connelly, which for the reasons above stated has become final, is a bar to any action by plaintiff against the company. (*Freeman* v. *Churchill,* 30 Cal.2d 453, 461 [183 P.2d 4]; *Will* v. *Southern Pacific Co.,* 18 Cal.2d 468, 472 [116 P.2d 44].) The court having been without jurisdiction to set aside the verdict as to Connelly, the employee, it was likewise without jurisdiction to set it aside as to the telephone company, his employer. (*Johnston* v. *City of San Fernando, supra,* at p. 246.)

Plaintiff's only answer to defendant's argument is that the jury rendered a verdict against defendant Wellman upon which a judgment was entered and the court granted her motion for a new trial upon a notice of intention addressed to plaintiff and to defendants telephone company and Connelly, as a result of which a new trial must be had between plaintiff and defendant Wellman. Viewing the case "from a practical aspect," says plaintiff, since the case must be retried as between him and Mrs. Wellman, he should not be precluded from having the cause again tried as to all defendants. Inasmuch as the question as to the telephone company and Connelly is one of jurisdiction and not of "practical aspect" the cause must be determined upon long established legal principles.

The order granting a new trial in favor of plaintiff and against defendants The Pacific Telephone and Telegraph Company and Francis Shade Connelly is reversed.

Moore, P. J., and McComb, J., concurred.