### GILMAN v. UNITED STATES et al.

#### No. 13305.

United States Court of Appeals
Ninth Circuit.

Aug. 3, 1953.

Parker, Stanbury, Reese & McGee, Wm. C. Wetherbee, Los Angeles, Cal., for appellant.

Warren E. Burger, Asst. Atty. Gen., Walter S. Binns, U. S. Atty., Clyde C. Downing, Reuben Rosensweig, Asst. U. S. Attys., Los Angeles, Cal., Samuel D. Slade, T. S. L. Perlman, Attys., Department of Justice, Washington, D. C., for appellee.

Before POPE, Circuit Judge, and Mc-CORMICK and HARRISON, District Judges.

POPE, Circuit Judge.

The question presented by this appeal is whether the United States, after suffering judgment against it under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), for injuries arising from the negligent operation of a government automobile, may recover, by way of indemnity, the amount of such judgment from its employee, the driver who was guilty of the negligence which caused the injuries.

Appellee Darnell brought the original action against the United States to recover damages for injuries arising when his automobile collided with a government car driven by the appellant who was an employee of the United States Coast and Geodetic Survey. The court granted the Government's motion under Rule 14(a) of the Rules of Civil Procedure, 28 U.S.C.A., for leave to implead the appellant as a third party defendant, and thereupon a third party complaint was filed asking that if the United States should be held liable it should have indemnity against appellant for the full amount of its liability. Appellant's motion to dismiss the third party complaint was denied and upon trial the district court found that the plaintiff's injuries were caused solely by the negligence of the appellant acting within the scope of his employment. Accordingly, the court gave judgment against the United States for $5500. Upon the same day it gave judgment against the appellant and in fa-

vor of the United States in the same amount of $5500. From the latter judgment this appeal is taken.

Although the judgment in favor of the Government and against the appellant was entered in an action brought under the Tort Claims Act, the cause of action which the Government asserted was not based upon any provision of that Act. It was asserted under the common law rule that under circumstances similar to those here present, a private employer may recover from his negligent employee the amount the employer has been required to pay under a judgment in favor of a third person arising from damage caused by the employee's negligent act, where judgment ran against the employer solely by reason of the doctrine of respondeat superior. The trial court pointed out that this rule is well established in California where the accident occurred, citing Myers v. Tranquility Irrigation District, 26 Cal.App.2d 385, 79 P.2d 419, and Johnston v. City of San Fernando, 35 Cal.App.2d 244, 95 P.2d 147, and held that the Government should have the same right under the same rule.

The rule is one generally recognized and enforced by both state and federal courts. See Prosser on Torts, p. 1114, Restatement of the Law of Agency, § 401 comment c; Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712. The appellant contends, however, that § 2676 of Title 28, which was enacted as a part of the Federal Tort Claims Act, discloses that it was the intention of Congress to give the Government employee certain benefits under the Act, and that the intention so expressed in this section is inconsistent with any possible holding that the employee might be made liable for indemnity to the United States. That section provides: "The judgment in an action under Section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

The Government in reply to this contention points out that the language of the section quoted is to the effect that the judg-ment is to be a bar to any action *by the claimant;* that this has no bearing on anything except the rights of injured claimants, and has no impact upon the Government's rights against its employees; therefore, there is no reason why the general rule should not be available to the United States, particularly in the absence of some express enactment to the contrary. In this connection it points to the statement in United States v. Yellow Cab Co., 340 U.S. 543, 551, 71 S.Ct. 399, 405, 95 L.Ed. 523: "Of course there is no immunity from suit *by* the Government to collect claims for contribution due it from its joint tortfeasors. The Government should be able to enforce this right in a federal court not only in a separate action but by impleading the joint tort-feasor as a third-party defendant."

We think that the answer to these several contentions of the parties is to be found through an examination of the basis for the rule stated above which permits the employer to recover indemnity from the negligent employee. That basis is, we think, correctly stated in the Government's brief: "The action for indemnity is quasi-contractual in theory, its rationale being that the defendant is unjustly enriched by the plaintiff's payment of the injured party's claim." Compare Restatement of the Law of Restitution, under the topic "Discharge by one person of duty also owed by another", (p. 330): "Where the payor has given something in the discharge of a duty to which the other is subject, his right to indemnity or contribution therefor is based upon the fact that he has thereby conferred a benefit upon the other."

Since the actual wrongdoer in such cases is the employee, the employer, who has been vicariously liable and who in consequence has been required to pay damages to the third person, in so doing has paid moneys which in equity and good conscience the person actually guilty of negligence ought to pay. Thus the employer has conferred a benefit upon the employee and this gives rise to an obligation which the law implies. The employer's action is one which in the words of Lord Mansfield, "lies only for money which *ex aequo et*

*bono,* the defendant ought to refund. * * * " Moses v. Macferlan, 2 Burr. 1005, 1010. As stated by Woodward, The Law of Quasi-Contracts, § 259, "In such cases, the obligation may well be rested upon quasi-contractual principles, for in so far as one tort-feasor pays what in equity and good conscience another tort-feasor ought to pay, the latter receives a benefit at the expense of the former, the retention of which is unjust." [1]

When we inquire whether a rule dependant upon this rationale should apply in the instant case, we are at once confronted by the circumstance that the moment judgment was entered against the Government,[2] then by virtue of § 2676, supra, the employee was no longer primarily answerable to the claimant,—he was not answerable at all. Therefore, when or if the Government paid the judgment against it, it was not paying a sum which the employee ought to have paid, for, as we have seen, any obligation on his part was completely wiped out.

It is therefore our conclusion that since any legal basis for a claim of indemnity is here lacking, the Government was not entitled to have judgment against the ap-

pellant. It is thus apparent that we do not deal with any question as to whether Section 2676 releases the Government's claim against its employee. Such is not the question here, but rather the inquiry is, whether, in the circumstances of this case any cause of action ever arose in favor of the Government and against its employee. Since the right of indemnity here asserted arises, in the case of employers generally, only by quasi-contract, through the payment of that which the employee himself, in equity and good conscience should have paid, it is manifest that here, where the employee owes no such duty the circumstances of the necessary unjust enrichment do not exist, and no cause of action ever arose in favor of the Government.

While the legislative history of the Tort Claims Act is in no sense controlling in an attempt to arrive at intended consequences of Section 2676, yet its indications are not at variance with the results here arrived at.[3]

We think it is clear from what was said in United States v. Standard Oil Co., 332 U.S. 301, 305, 67 S.Ct. 1604, 91 L.Ed. 2067, that the question of the duty owed by a

---

[1]. "Other types of the right to indemnity are commonly called quasi contractual, or arising out of a 'contract implied by law'. Indemnity between persons liable for a tort falls within this type of case. As between such persons, the obligation to indemnify is not a consensual one; it is based altogether upon the law's notion—influenced by an equitable background—of what is fair and proper between the parties. It is true that the relationship of the parties, which often affords the decisive clue as to what is fair between them, may have arisen by contract, though it need not have. But in these cases the contract does not create the right to indemnity. It only creates a part of the fact situation, and it is the fact situation in its entirety, consensual and non-consensual elements, both included, which gives rise to the obligation to indemnify. The quasi-contractual idea of unjust enrichment of course underlies any holding that one who has been compelled in discharging his own legal obligation to pay off a claim which in fairness and good conscience should be paid by another can secure reimbursement from the oth-

er. But in tort indemnity cases, the leading facts are apt to be acts and relationships out of which tort liabilities have arisen, and it will often follow from this that the question of unjust enrichment involved in the granting of indemnity will have to be decided on substantially the same principles as those which controlled the creation of the original tort liability." (81 Pa.Law Rev. 130, p. 146–147; "Contribution and Indemnity Between Tort-feasors", Robert A. Leflar).

[2]. It would be an interesting question, which we need not examine, whether an employer's right of indemnity arises when judgment is entered against him, or only when he has paid the judgment. Thus the form of the action, at common law, was denominated one for "money paid".

[3]. Thus Senate Report 1196, 77th Cong. 2d Sess., p. 5, dealing with the corresponding provision of what is now Section 2672 of Title 28 to the effect that the administrative settlement of a claim of $1000 or less "shall constitute a complete release of any claim against the United States and against the employee

Government employee to the Government is one to be determined by federal and not by state law. The cause of action which the Government here sought to enforce was not one under the Federal Tort Claims Act which adopts local law for the purpose of defining the Government's tort liability.[4] But regardless of whether state or federal law be here applied, § 2676 cuts the ground from under the Government's claim for indemnity.

It is to be noted that in using the language quoted supra from United States v. Yellow Cab Co., the Supreme Court was not dealing with a situation involving any possible application of § 2676. The court was considering the question of contribution as between the United States and a stranger tort-feasor.

In view of what we have here said we find it unnecessary to consider appellant's further contention that the Government's claim should be denied for the same reasons which prompted judgment against it in United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067.

Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for appellant.

HARRISON, District Judge (dissenting).

I am of the opinion that Rule 14, Federal Rules of Civil Procedure should apply in tort claims actions. The Federal Tort Claims Act waives the government's immunity from suit but nowhere does the government waive its right to sue.

The majority opinion concedes that under the common law and under the law of California, a private employer may recover from his negligent employee for losses sustained by the employer by reason of the negligent acts of the employee. Bradley v. Rosenthal, 154 Cal. 420, 97 P. 875; see also Spruce v. Wellman, 98 Cal.App.2d 158, 219 P.2d 472.

If under United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, the government is liable for contribution under the law of the State of Pennsylvania, the same reasoning should apply in

of the government whose act or omission gave rise to the claim" contained the following statement: "It is just and desirable that the burden of redressing wrongs of this character be assumed by the Government alone within limits, leaving the employee at fault to be dealt with under the usual disciplinary controls." This report was made in 1942. While in footnote 8 to United States v. Yellow Cab Co., supra, some question is raised as to the force of the 1942 legislative history in construing a 1946 Act, yet Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, makes it plain that Congress, in passing the Act in 1946, relied upon the 1942 reports and testimony, and the Court there quotes extensively from them including the testimony of then Assistant Attorney General Shea. At that time Mr. Shea testified: "If the Government has satisfied a claim which is made on account of a collision between a truck carrying mail and a private car, that should, in our judgment, be the end of it. After the claimant has obtained satisfaction of his claim from the Government, either by a judgment or by an administrative award, he should not be able to turn around and sue the driver of the truck. * * * The Chairman. Mr. Shea, you are discussing

and directing your remarks to the matter where, if a person is injured and files a claim against the Government and the Government satisfies that claim, that is the end of the claim against anybody? Mr. Shea. That is right. The Chairman. What is the arrangement when the Government has an employee who is guilty of gross negligence and injury results? Is there any requirement that that employee should in any way respond to the Government if it has to pay for the injury in the event of gross negligence? Mr. Shea. Not if he is a Government employee. Under those circumstances, the remedy is to fire the employee. Mr. McLaughlin. No right of subrogation is set up? Mr. Shea. Not against the employee." (Hearings before the Committee on the Judiciary, House of Representatives, 77th Cong., 2nd Sess., on H.R. 5373 and 6463, pp. 9, 10.)

4. For this reason no problem is posed such as that indicated in the conflicting decisions cited in United States v. Lushbough, 8 Cir., 200 F.2d 717, at page 720. It is noted that in that case the question involved here was not reached because it was held that the Government was not liable.

this case. Tort Claims Act liability is in all events secondary. The only difference as to the government's liability between the case at bar and the Yellow Cab case, supra, is that in the Yellow Cab case the government was a joint tort-feasor and as a result paid only its portion of the liability but in this case it must pay all and cannot, according to the majority seek recoupment from the one who is primarily liable.

It must be remembered that much of the litigation under the Tort Claims Act arises while the employee, in the course of his employment, is using a privately owned automobile fully covered by insurance. The ruling of the majority permits such insurance carriers to escape liability at the expense of the government. See U. S. v. Aetna Cas. & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.

It is my view that to permit an employee of the government to escape liability for his tort is to place a premium on negligence and encourage collusion between the employee and the claimant. It also places the government employee in a different class from that of a private employee.

I believe that the Yellow Cab case supports my conclusions. It will be noted that the Supreme Court, on page 554 of 340 U. S., on page 406 of 71 S.Ct., approves the language of Judge (later Justice) Cardozo in Anderson v. John L. Hayes Construction Co., 243 N.Y. 140, 153 N.E. 28, 29, when it quotes him as follows:

" * * * 'No sensible reason can be imagined why the state, having consented to be sued, should thus paralyze the remedy.' "

By a parity of reasoning no sensible reason can be imagined why the State should paralyze its own remedy.

See also Judge Cardozo's opinion in Schubert v. August Schubert Wagon Co., 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293, in which he held that the employer's right of recoupment from his negligent employee is based on breach of an independent duty owed the employer by the employee, and not on subrogation or quasi-contract.

It should also be noted that the Supreme Court cites in the Yellow Cab case 3 Moore's Federal Practice (2d ed. 1948), page 507, with approval, and I quote from the same because I feel it correctly states my conclusions:

"Par. 1429. Impleader By and Against the United States.

"Where the United States is the defendant it should be able to implead a third party in a case within Rule 14, to wit, where the United States as third-party plaintiff asserts that the third-party defendant 'is or may be liable' to it for all or part of the plaintiff's claim against it. This follows from the fact that the Rules are generally applicable to actions by and against the United States, subject to jurisdictional limitations. And where the United States is the third-party plaintiff there is no problem of sovereign immunity from suit—the sovereign is the claimant. This principle should be true (1) whether the original plaintiff's claim against the United States is one under the Tucker Act, which claim for convenience may be described as *ex contractu,* or (2) whether the claim is one under the Federal Tort Claims Act, *ex delicto.*"

It is difficult for me to reconcile that Rule 14 can be used against the government and employee but cannot be used by the government against the employee.

The Tort Claims Act itself militates against this result:[1]

28 U.S.C.A., § 1346(b)—" * * * the District Court * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the*

---

1. Dalehite v. U. S., 1953, 346 U.S. 15, 73 S.Ct. 956.

*claimant in accordance with the law of the place where the act or omission occurred."* (Emphasis supplied.)

28 U.S.C.A., § 2674.—"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."

Paraphrasing Mr. Chief Justice Taft in Ford v. United States, 273 U.S. 593, at page 611, 47 S.Ct. 531, 71 L.Ed. 793—if it was the intention of Congress to waive the government's common law rights, why should it not have been expressed?

To place the government as a target without the ability to defend itself leaves the government as a litigant, subject to the laws of the State of California without the right to rely upon the laws of California as a defensive measure.