CANADIAN INDEMNITY CO.
v.
UNITED STATES FIDELITY &
GUARANTY CO. et al.
No. 13544.

United States Court of Appeals,
Ninth Circuit.

June 15, 1954.

William C. Burns, Leo A. Elkins, San Francisco, Cal., for appellants.

Knight, Boland & Riordan, Burton L. Walsh, Hadsell, Murman & Bishop, Sydney P. Murman, San Francisco, Cal., for appellees.

Before BONE, ORR and LEMMON, Circuit Judges.

BONE, Circuit Judge.

Appellee United States Fidelity & Guaranty Co. (herein "U.S.F. & G.") has paid a judgment on behalf of one of its insureds, and here seeks to recover the amount so paid from Canadian Indemnity Company (herein "Canadian"). U.S.F. & G. issued a policy insuring *only* Headrick & Brown Co. against any liability such as that involved in this case, wherein an employee of that insured committed a tort for which Headrick & Brown Co. was liable on the basis of respondeat superior.

Canadian issued a policy insuring another company (Thomas Rigging Co., employed to deliver a steel girder to a construction project) *and any person driving a truck owned by such company* with the permission of the insured. The omnibus clause in that policy is broad enough to include Headrick & Brown Co.

An accident occurred giving rise to the liability here involved. The truck involved in this accident *belonged to Canadian's insured,* (Rigging Company) *and was driven with its permission, by one* Goff, an employee of Headrick & Brown Co. (U.S.F. & G's. insured, and included within Canadian's omnibus clause.)

The accident was caused through the negligence of Goff, who was covered *by Canadian's policy within the definition of a "named insured."* Headrick & Brown Co. were also found liable in an action in the courts of the State of California, on the basis of respondeat superior, as the employer of Goff.

■ U.S.F. & G. paid the judgment (on behalf of Headrick & Brown Co.) and asserts its right of subrogation in this proceeding against the only insurer of Goff, to wit: Canadian. This is on the basis that as between principal and agent, where only the agent has been at fault, the agent has a duty to reimburse the principal. 3 C.J.S., Agency, § 162, p. 46. Stated another way, the principal, under such circumstances, may recoup from its agent. Bradley v. Rosenthal, 154 Cal. 420, 97 P. 875; Popejoy v. Hannon, 37 Cal.2d 159, 231 P.2d 484; Spruce v. Wellman, 98 Cal.App.2d 158, 219 P.2d 472. Being subrogated to the rights of the principal (Headrick & Brown Co.), U.S.F. & G. claims the right to recoup against Goff; and consequently against the only insurer of Goff, i.e., Canadian.

Each of the policies here involved has an "other insurance" clause. That of U.S.F. & G. provides that if its insured has other insurance, then U.S.F. & G. will be liable only pro-rata (based upon the policy limits of the various policies involved) for its share of the loss. That of Canadian provides that if there is other insurance, then Canadian will become "excess insurance" only, i.e., the other policy must first be exhausted, and then, (up to the policy limits) Canadian will pay the excess liability. The validity of these clauses is not here in question.

■ Canadian maintains that both it and U.S.F. & G. have insured the same risk, hence as to both policies there is "other insurance," and by reason of Canadian's "excess insurance" clause it is not liable until the U.S.F. & G. policy is exhausted. This argument might be compelling if one were considering the liability of Headrick & Brown Co. The issue, however, is whether it is compelling with respect to the liability of Goff, the person whose active negligence caused the accident. Although Headrick & Brown Co. is "doubly insured," i.e., is covered by both U.S.F. & G. and Canadian, Goff is not so covered, for only the Canadian policy insures him.

A comparable situation was presented to this court in United Pacific Ins. Co. v. Ohio Casualty Ins. Co., 9 Cir., 172 F.2d 836. In that case we recognized the right of an employer to recoup his losses from a negligent employee, relying on Johnston v. City of San Fernando, 35 Cal.App.2d 244, 95 P.2d 147, and Myers v. Tranquility Irr. Dist., 26 Cal.App.2d 385, 79 P.2d 419. See note 5 at page 840 of 172 F.2d, United case, supra. We also held that the insurer of the employer may recover against the insurer of the negligent employee. United etc. Co. v. Ohio etc. Co., supra, 172 F.2d at pages 846–848. Viewed in the light of these principles, the "other insurance" clauses of these policies are removed from the issue. Goff being ultimately liable, is insured by Canadian alone.

Appellant has argued that there are several California cases which reject the principles above stated. According to its theory, the leading case is Consolidated Shippers v. Pacific Employers Insurance Co., 45 Cal.App.2d 288, 114 P.2d 34, 36. In that case Company "A" insured "Harvey and/or Consolidated" for liability arising out of a truck owned by Harvey. Company "B" insured Consolidated only, for liability arising out of vehicles owned and operated by independent contractors for Consolidated. Both policies contained "other insurance" clauses calling for pro-ration. Harvey, driving his own truck as an independent contractor for Consolidated, caused damages for which Consolidated was liable, and Consolidated paid the judgment. Consolidated brought this action against both Companies "A" and "B" to collect the amount paid. The trial court found Company "A" primarily liable, as insurer of Harvey, and Company "B" only secondarily liable, as a co-insurer of Consolidated whose liability arose only through Harvey's negligence. The appellate court reversed the trial court, rejecting the idea of primary and secondary liability. It is believed, however, that it was important to that decision that the suit was brought by Consolidated against its insurers, rath-

**660**

er than by either Consolidated or Company "B" against either or both Harvey and Company "A". The court simply held that: "[so] *far as plaintiff is concerned,* the risk covered by each policy was the same." (Emphasis added.)

In Employers etc. Corp. v. Pacific Employers Ins. Co., 102 Cal.App.2d 188, 227 P.2d 53, the court cites the Consolidated Shippers case, supra, with approval, with respect to the rejection of primary and secondary liability. However, the court was not faced with any such problem and recognized that fact. The case simply involved two policies with identical coverage, for which reason the insurers were held to be concurrent and the liability was apportioned pro-rata.

And in Air Transport Mfg. Co. v. Employers Liability Assur. Corp., 91 Cal. App.2d 129, 204 P.2d 647 the same general language appears, but again the issue was substantially different from that which is presented here. In this case Company "A" insured a U-Drive company, and the omnibus clause included anyone driving with the permission of the U-Drive company. That policy had an "excess" clause regarding other insurance. Company "B" insured Air Transport Co. and the appellate court does not indicate whether or not employees of Air Transport were included as insureds. The policy did contain a "pro-ration" clause with respect to other insurance. An employee of Air Transport, while driving a rented car with the permission of U-Drive, caused injury and incurred liability. This suit was apparently brought by both Air Transport Co. and its negligent employee, against both insurance companies to ascertain liability. In this respect the case is distinguishable on the same ground as Consolidated Shippers, supra. By reason of lack of notice to Company "B", in violation of its policy, Company "B" was exonerated. The sole issue on appeal was the extent of Company "A's" liability. The court treated the case as though the negligent employee was an insured under both policies, without stating the coverage of the exonerated insurance company's pol-

icy. Since, at the time of the accident, Company "B's" policy covered one-half of the loss under the "pro-rata" clause, the "excess" clause in Company "B's" contract was held to cover the "excess," to wit: the other half of the liability. Such being the nature of the issues as presented in the Air Transport case, it cannot be considered as precedent in an action by a principal against a negligent agent for recoupment. And it seems to necessarily follow that it also cannot be a precedent in an action by the insurer of a principal against the insurer of the agent, which is the instant case.

The judgment of the District Court is affirmed.