[Civ. No. 24665.   Second Dist., Div. One.   Feb. 20, 1961.]

WILLIAM E. STRAW, Respondent, v. PACIFIC TELE-
PHONE AND TELEGRAPH COMPANY (a Corpora-
tion) et al., Appellants.

Leslie C. Tupper and Lawler, Felix & Hall for Appellants.

Parker, Stanbury, Reese & McGee and Daren T. Johnson
for Respondent.

WOOD, P. J.—In this action for damages for personal
injuries allegedly resulting from a collision of automobiles,
judgment upon a verdict was in favor of defendants Pacific
Telephone Company and Robert J. Hitch.  Also, judgment on
Pacific Telephone's cross-complaint was in favor of cross-
defendant Straw (plaintiff).  Plaintiff's motion for a new
trial was granted upon the ground of insufficiency of the
evidence to support the verdict.  Defendants Pacific Telephone
and Richard J. Hitch appeal from the order granting the
motion for a new trial.

Appellants contend that the court had no jurisdiction to
grant a motion for a new trial because the notice of intention
to move for a new trial was not served on appellant Robert

J. Hitch, who is one of the adverse parties. Hitch, an employee of the telephone company, was driving the telephone company's truck in the course of his employment when defendant's truck and plaintiffs' automobile collided. Under the evidence it appears there would be no liability on the part of the telephone company (employer) unless there was liability on the part of defendant Hitch (employee).

Lawler, Felix and Hall were the attorneys of record for defendants Pacific Telephone and Richard J. Hitch. The notice of intention to move for a new trial recited at the beginning thereof as follows: "To Defendant Pacific Telephone and Telegraph Company, a corporation, and Lawler, Felix & Hall, its attorneys, and To Defendant Richard J. Hitch and A. K. Phelps, his attorney: Please Take Notice that...." A. K. Phelps was not attorney of record for Hitch and did not participate in the trial.

Service of the notice of intention to move for a new trial was made by mail. The affidavit of service of the notice states in part that "affiant served the within Notice of Intention to Move for a New Trial on the defendants in said action by placing a true copy thereof in an envelope addressed to the attorneys of record for said defendants at the office address of said attorney as follows: Lawler, Felix & Hall Attorneys at Law 800 Standard Oil Building Los Angeles 15, California Mr. A. K. Phelps Attorney at Law 3429 East Coast Highway Corona Del Mar, California."

Section 659 of the Code of Civil Procedure provides that a notice of intention to move for a new trial must be served upon the adverse party. Section 1015 of said code provides that when a party has an attorney in the action, service of papers must be made on the attorney. Section 285 of said code provides: "When an attorney is changed . . . written notice of the change and of the substitution of a new attorney . . . must be given to the adverse party. Until then he must recognize the former attorney."

Appellants argue that the fact that Lawler, Felix and Hall were the attorneys of record for the telephone company and were served with notice of intention to move for a new trial as such attorneys did not amount to service on Hitch or as a substitute for service on Hitch or his attorneys of record; and that although such service on Lawler, Felix and Hall gave them knowledge that plaintiff intended to move for a new trial with respect to both telephone company and Hitch, such service did not give notice to them or Hitch.

Appellants cite *Spruce* v. *Wellman*, 98 Cal.App.2d 158 [219 P.2d 472], wherein a new trial was granted after judgment in favor of defendants Pacific Telephone Company (employer) and one Connelly (employee) in a damage action resulting from a collision of automobiles. The notice of "motion" for a new trial therein was not addressed to Connelly and the affidavit of mailing did not state that the notice was mailed to him or his attorneys. In that case the attorneys for the telephone company were also attorneys for Connelly. It was held therein that since the notice of motion was not addressed to Connelly and the affidavit of service did not show that service was made upon him personally or upon his attorneys, the fact that the same attorneys represented both the telephone company and Connelly and service was made on the attorneys for the company did not vest jurisdiction in the court to make an order affecting Connelly.

Appellants also cite *Tubbs* v. *Los Angeles Transit Lines*, 121 Cal.App.2d 748 [264 P.2d 46], which was an action for damages for personal injuries allegedly resulting from negligent operation of a streetcar of the corporate defendant by the other defendant Gordon, its employee. The appeal therein was by defendants from an order granting plaintiff's motion for a new trial. In that case the notice of intention to move for a new trial was addressed only to defendant corporation and its attorney who represented both defendants. It was held therein that the failure to give notice to defendant Gordon prevented the court from acquiring jurisdiction to entertain the motion for a new trial.

Appellants also cite *Johnston* v. *City of San Fernando*, 35 Cal.App.2d 244 [95 P.2d 147], wherein a new trial was granted after judgment in favor of defendants city (employer) and one Ward (employee) in a damage action resulting from a collision of automobiles. The notice of intention to move for a new trial therein was not served upon the attorney for Ward. Each defendant was represented by a different attorney. It was held therein that the failure to serve the notice on Ward's attorney left the court without jurisdiction to grant the motion for a new trial.

The three cases just referred to are distinguishable from the present case. As above shown, in the first two cases (Spruce case and Tubbs case) the notices of intention to move for a new trial were not addressed to the individual defendants (but were addressed to the corporate defendants). In the third case (Johnston case) the notice of intention

was addressed to both defendants (corporate and individual) but each defendant was represented by a different attorney and the notice of intention was not served on the attorney for the individual defendant.

In the present case, as distinguished from the above cited cases, the notice was addressed to both defendants telephone company and Robert J. Hitch, and copy of the notice was mailed to the attorneys of record for both defendants, that is, to Lawler, Felix and Hall. In addition thereto a copy of the notice was mailed to A. K. Phelps who was erroneously designated in the notice as attorney for Hitch. No question is raised herein as to who the attorneys of record were—it is conceded that Lawler, Felix and Hall were the attorneys of record for both defendants. ▮ As above shown, the legal requirement is that the notice of intention to move for a new trial must be served on the adverse parties' attorneys of record. Under that requirement as applied to the present case it was necessary that the notice of intention to move for a new trial be served on Lawler, Felix and Hall who were the attorneys for both defendants. The affidavit of mailing states that the notice was served on the defendants by mailing a copy thereof ''to the attorneys of record for said defendants'' at the office address of said ''attorney'' as follows: ''Lawler, Felix and Hall . . . 800 Standard Oil Building Los Angeles . . . A. K. Phelps . . . 3429 East Coast Highway Corona Del Mar.'' In the present case the notice of intention specifically included the name of Robert J. Hitch as a defendant with respect to whom the plaintiff intended to move for a new trial. It was not necessary to serve the notice on Hitch personally or to serve it on him by mailing it to him. It was necessary that it be served on his attorneys of record, and it was so served. The fact that a copy of the notice was also mailed to A. K. Phelps who was not an attorney of record for Hitch was not of significance with respect to jurisdiction of the court. The court had jurisdiction to grant the motion for a new trial.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.