ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a corporation,
Appellant,

v.

Homer CUNNINGHAM, Jess Gullett and
Percy Laudingham, Appellees.

No. 15695.

United States Court of Appeals
Ninth Circuit.

June 26, 1958.

James P. Shovlin, Jr., Franklin Plank, San Francisco, Cal., for appellant.

J. D. Burdick, San Francisco, Cal., for appellees.

Before ORR, POPE and HAMLEY, Circuit Judges.

ORR, Circuit Judge.

Wilbur C. Rasmussen, while engaged in loading logs, was injured and as a result thereof died. His heirs brought suit in the California courts against Ben Mast Lumber Company, alleging that the death of Rasmussen resulted from the negligence of its employees. The liability of Mast Lumber Company was based upon the theory of Respondeat Superior. Subsequent to trial in the state courts, a judgment was rendered against said Lumber Company on the 29th day of June, 1955. An appeal was taken and subsequently dismissed. The remittitur dismissing the appeal is dated August 22, 1956. On the 17th day of August, 1956, the judgment was paid. On the 23rd day of August, 1956, appellant as subrogee of Mast Lumber Company brought the instant suit to recoup its losses against appellees, employees of Mast involved in the accident, under California Labor Code § 2865, which provides that "an employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer."

The trial court dismissed the suit on the ground that the statute of limitations had run. This determination was on the theory that the cause of action of Mast

against its employees, if any, had arisen at the time the accident occurred on March 9, 1951, and that the applicable statute of limitations was the one year period for tort actions provided in section 340(3) of the California Code of Civil Procedure. Appellees in their brief discuss what they deem to be the contention of appellant to the effect that the cause of action asserted by appellant is one for breach of an implied contract of indemnity and appellees assert that "whether appellant's alleged cause of action is based upon contract or tort is not determinative of the proper period of limitations." This position of appellees is bottomed upon their theory that the cause of action which appellant asserts arose at the time of the accident.

We do not agree. Under the conclusion we reach, the application of the proper statute of limitations presents no problem. The right of action of employer against employee is provided for by section 2865 of the Labor Code and the courts of California have made reference to the nature of the Act. In Bradley v. Rosenthal, 1908, 154 Cal. 420, 424, 97 P. 875, 876, the court classified the employer's right as one for indemnity. In Continental Cas. Co. v. Phoenix Const. Co., 1956, 46 Cal.2d 423, 296 P.2d 801, 804, it is stated that "Where a judgment has been rendered against an employer for damages occasioned by the unauthorized negligent act of his employe, the employer may *recoup* his loss * * * against the negligent employe" (46 Cal.2d at page 428, 296 P.2d at page 804) and it is further stated in said case that "the insurer * * * who has been compelled to pay the judgment against the employer may recover against the negligent employe." (46 Cal.2d at page 429, 296 P.2d at page 804) (emphasis supplied). This Court in the case of Canadian Indemnity Co. v. United States Fidelity & Guarantee Co., 9 Cir., 1954, 213 F.2d 658, had before it the problem of liability of the employee's insurer and held that the principal could recover from the agent after rendition and payment of judgment.

■ It therefore seems clear that actions for recoupment cannot be maintained until the loss has been ascertained, either by a judgment against the employer or the payment of a judgment. Whether the entry of judgment or payment starts the running of the statute we do not decide, because the suit was instituted well within the time of either, the instant suit having been filed on August 23, 1956.

■■ The term "judgment" means a "final judgment" entered upon final determination of the appeal. Code of Civil Procedure § 1049. Turner v. Donovan, 1942, 52 Cal.App.2d 236, 126 P.2d 187. As hereinbefore stated, a judgment was rendered against the employer on the 29th day of June, 1955, and while the record in the instant case does not contain information as to when the appeal was taken, or the date of dismissal of the appeal, we get that information by taking judicial notice thereof as it appears in the records of the Superior Court of Mendocino County, California, and the District Court of Appeal.

Aetna Cas. & Sur. Co. v. Pacific Gas & Elec. Co., 1953, 41 Cal.2d 785, 264 P.2d 5, is relied upon as sustaining appellee's contention that the cause of action arose at the time of the accident. That case deals with the right of an employer to sue third parties who have caused injury to his employee. Labor Code §§ 3850–3863. There the employer was suing upon a cause of action which was no more than the employee's and coincident therewith. Hence the employer's right to sue began at the same time and ran for the same period. Whether or not the employer or employee individually or jointly sues, it is one and the same cause of action.

In the instant case where the employer is sued and suffers damage and later sues for recoupment, two causes of action are involved arising at different times and hence with different dates controlling the running of the statute of limitations.

The judgment of dismissal is reversed.