**Stephen S. CHANDLER, Plaintiff,**

v.

**W. H. Pat O'BRYAN, Defendant.**

**No. C 68–26.**

United States District Court,
W. D. Oklahoma.

April 23, 1969.

Carl L. Shipley, Washington, D. C., for plaintiff.

Irwin Goldbloom, Dept. of Justice, Washington, D. C., as amicus curiae.

Reagan M. Martin and Harvey L. Davis, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, District Judge.

Plaintiff moved for summary judgment of his declaratory judgment action, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on August 12, 1969. Briefs were filed and a hearing was convened on February 27, 1970, to consider defendant's objections that there are material factual disputes which bar a rendering of judgment on this motion under Rule 56(c).

A motion for summary judgment shall be granted if the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R. Civ.P. Plaintiff has the affirmative burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. 2 Moore's Federal Practice 56.15[3]. The moving party must sustain his burden by facts of which the Court will take judicial notice, and the Court may take judicial notice of its records and files. 2 Moore's Federal Practice 56.11[9]. The Court, therefore, takes judicial notice of the entire

record before this Court in Civil Action No. 67–88 and in No. 68–26; of information useful to analysis of the issues in this case in Civil Action No. 66–8; of Case No. 170–787 in the Oklahoma state court; and of the records and proceedings in D. C., 249 F.Supp. 51 and 10 Cir., 352 F.2d 987 which involved the same parties and concerned matters relevant to and leading to the issues involved in the present case. The Court also has the benefit of pleadings, affidavits, and oral testimony.

Whether the evidence reveals that a genuine issue of fact exists depends on the legal question presented. The precise legal issue in the present action can be fully understood only in the context of the complete factual background.

Plaintiff is a duly appointed United States District Judge for the Western District of Oklahoma. Defendant is an Oklahoma attorney and certified public accountant. They have been in litigation for literally a decade. On September 25, 1963, O'Bryan filed suit in the District Court of Oklahoma County against Judge Chandler, seeking damages for malicious prosecution, libel, and slander. The cause of action grew out of Judge Chandler's activities before a grand jury on November 9, 1961, which resulted in a criminal indictment against O'Bryan. The case was removed to Federal Court in No. 63–339, and O'Bryan's motion to remand was overruled. The Court found that Judge Chandler's activities were not beyond the scope of his jurisdiction as a district judge, and therefore he was judicially immune from civil liability. O'Bryan v. Chandler, 249 F.Supp. 51 (D.C., 1964). The Court ordered dismissal of the action in the state court.

O'Bryan appealed to the Tenth Circuit Court of Appeals. On November 30, 1965, the Tenth Circuit ruled to affirm the decision of the District Court. O'Bryan v. Chandler, 352 F.2d 287 (1965). The Court set forth the governing principles at page 988:

"It is settled doctrine that a Judge is not liable in damages for acts performed in a judicial capacity unless there is a 'clear absence of all jurisdiction' over the subject matter. This is true, even though the Judge's acts are in excess of his jurisdiction and done maliciously, corruptly, or arbitrarily. Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646. This court, in Ryan v. Scoggin, 10 Cir., 245 F.2d 54, 58, announced the rules in these words:

> \* \* \* 'It is only in instances in which a judge acts or proceeds in the clear absence of any color of jurisdiction or proceeds officially in respect to a cause or matter over which the court is clearly without any color of jurisdiction that he may be subjected to personal liability \* \* \* .' "

The Court went on to discuss the judge's activities before the grand jury. It concluded: "We cannot agree with O'Bryan's contentions that Judge Chandler's conduct was clearly in absence of any jurisdiction \* \* \* ." *Id* at p. 989. For these acts "Judge Chandler could not be held liable in damages." *Id* at p. 990.

Shortly after the rendering of the Tenth Circuit's affirmance, on December 8, 1965, O'Bryan filed Case No. 170–787 in the District Court of Oklahoma County against Judge Chandler, seeking damages for an alleged libel committed by Judge Chandler against O'Bryan in the publication of a certain document. This document was prepared by Judge Chandler in connection with the matter pending before the Tenth Circuit Court of Appeals in August of 1965. Substantial portions of the document were thereafter contained in the judge's brief submitted to the Court of Appeals. However, O'Bryan alleged that Judge Chandler communicated this document, containing alleged defamatory matter, to Mr. John Clabes, an editor of an Oklahoma City newspaper, on August 15; the briefs were filed on August 18, 1965.

The question before the Court is precisely this: Should the actions of Judge Chandler in publishing the allegedly defamatory statements be merged into the subsequent holding of the Tenth Circuit Court of Appeals that the judge's conduct was judicially immune from civil liability? More particularly was the statement, in the context in which it was made, so intimately connected with the litigation concerning Judge Chandler's earlier conduct that it must be construed as an incidental part of that litigation. If so, the finding of judicial immunity by the Tenth Circuit may be construed to cover under its penumbra all acts which Judge Chandler undertook to win his litigation.

Before this issue can be faced squarely, it is necessary to take up the question of this Court's jurisdiction in this action. Such discussion should help to further highlight the preciseness of the question before the Court.

Judge Chandler removed Case No. 170–787 from the District Court of Oklahoma County on January 7, 1966, in Civil Action No. 66–8. O'Bryan filed a motion to remand to the state court. Judge Austin, sitting by assignment, heard the motions and granted O'Bryan's motion to remand on the ground that no federal question (judicial immunity) was presented. Whether his finding in this regard was correct is immaterial to the issue before this Court. After trial in the Oklahoma state court, which rendered a verdict against Judge Chandler, he again removed to this Court; and O'Bryan again moved for remand in Action No. 67–88. This motion to remand has been held in abeyance while plaintiff's motion for summary judgment of his action for declaratory judgment in the instant case No. 68–26 is considered.

In assuming jurisdiction of this action, the Court had to first grapple with two procedural obstacles. It was argued by defendant that the declaratory judgment action was a disguised attempt by plaintiff to obtain a review of Judge Austin's remand order, which review is prohibited by 28 U.S.C. § 1447(d). In a memorandum opinion of June 12, 1969, this Court decided that the declaratory judgment action should be construed as containing issues distinguishable from those before Judge Austin. In that libel action, Judge Austin examined the document in question with the view to determining whether it, in itself, was an official act protected by judicial immunity. This Court viewed the issue before it to be whether Judge Chandler's actions could be construed as part of his defense of the malicious prosecution action then before the Court of Appeals—as such, those actions could be said to merge with the final judgment of that court, covering all actions of Judge Chandler regarding the litigation.

The other question had to do with whether this Court would be violating 28 U.S.C. § 2283, which states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In other words, the declaratory judgment action must fit one of the three exceptions in Section 2283 to justify this Court in requiring the state court to expunge the judgment and issue a writ of prohibition against further proceedings. In the June 12, 1969, opinion, this Court ruled that hearing this declaratory judgment action could be necessary "to protect or effectuate" the judgment of the United States Court of Appeals.

Finally, this Court found jurisdiction under 28 U.S.C. § 1331 in that federal questions were presented as to whether a United States Court of Appeals' judgment is violated by the subsequent libel action, and whether Judge Chandler's actions are part of the official conduct of a federal judge in defending the malicious prosecution action. In view of all these factors, the Court decided to exercise its discretion to take jurisdiction.

The precise question in this controversy is whether Judge Chandler's conduct, in publishing the allegedly libelous statement, was merged with the conduct adjudged by the Tenth Circuit Court of Appeals to be judicially immune.

The function of a summary judgment procedure is to avoid a useless trial. 2 Moore's Federal Practice 56.-15[1.–0]. This Court is unable to find any material factual questions which necessitate a trial. The facts which are material to this controversy are plain and uncontroverted. They are:

(1) Following the dismissal of O'Bryan's complaint in the United States District Court in O'Bryan v. Chandler, D.C., 249 F.Supp. 51, O'Bryan appealed to the Court of Appeals for the Tenth Circuit.

(2) O'Bryan sought leave to file an amended complaint in the District Court, permission for which was refused. (Amended Petition, Tr. of Record, O'Bryan v. Chandler, Number 7907 Court of Appeals, p. 55–74). O'Bryan's appeal included the amended petition. The Court of Appeals in its opinion expressly approved the District Court's refusal to permit the filing of the amended complaint, O'Bryan v. Chandler, 10 Cir., 352 P.2d 987 at 991 (1965). The Court found it to contain "extraneous matter interposed with scandalous and scurrilous statements [concerning Judge Chandler]." *Id* at p. 990.

(3) While the appeal was pending, on August 18, 1965, Judge Chandler, with leave of the Court of Appeals, filed a brief or statement in the action. The brief or statement was entitled "Official Statement of Judge Chandler."

(4) O'Bryan moved to strike the Official Statement on the grounds that it was not in the nature of a brief. On September 16, 1965, the Court of Appeals entered an order denying the motion to strike. The document was, accordingly, entered into the record of the judicial proceedings before the Court of Appeals.

(5) The document in controversy is a supposed draft of the "Official Statement of Judge Chandler" which he made available to a Mr. Clabes, Editor of an Oklahoma newspaper, on August 15, 1965. It is this factor which, defendant herein O'Bryan contends, raises numerous material factual issues. O'Bryan argues that a material aspect is Judge Chandler's motive and intent in giving a draft of his statement to Mr. Clabes on August 15, 1965. Defendant argues that it is germane whether the statement is a brief, or an intentionally libelous document, or an attempted defense against O'Bryan's statements in his amended complaint. In view of the following findings, it will be seen that these questions are immaterial.

(6) The allegedly defamatory matter contained in the draft statement was also contained, for purposes of this case, in identical language on pages 17 and 18 of the Official Statement which was filed in the Court of Appeals.

(7) The conduct of Judge Chandler and Mr. Clabes on August 15, 1965, was solely and directly related to the preparation and filing by Judge Chandler of his Official Statement.

There is no genuine issue of material fact present in this controversy. The moving party has established this clear absence to the satisfaction of the Court. The opposing party has suggested factual disputes which this Court finds neither material nor of a substantial nature. United States v. United States Gypsum Co., 340 U.S. 76, 71 S.Ct. 160, 95 L.Ed. 89 (1950). The issue before the Court is not Judge Chandler's intent, nor is it whether the statement was defamatory. The issue is whether the conduct of Judge Chandler was so connected to his defense of the litigation before the Court of Appeals that it was merged with the conduct adjudged by that court to be immune.

■ The Court is persuaded to the affirmative. When the Court of Appeals denied O'Bryan's motion to strike the Official Statement, the document became part of the judicial record. It must be conclusively presumed that the Court of Appeals considered the same. The finding of judicial immunity by the Court of Appeals must be held to extend to all matters connected with the proceeding and known to the Court. The conduct of Judge Chandler in furnishing a draft copy of the Official Statement is protected from liability since such acts were directly related to the subsequent filing in the Court of Appeals. Thus, this document was also clothed with judicial immunity.

Accordingly, plaintiff's motion for summary judgment is granted.

Pursuant to 28 U.S.C. § 2201, the Court declares that the acts complained of in O'Bryan v. Chandler, Case No. 170–787 in the District Court of Oklahoma County are judicially immune by virtue of the decision of the Court of Appeals in O'Bryan v. Chandler, 10 Cir., 352 F.2d 987 (1965). To protect and effectuate the judgment of the Tenth Circuit Court of Appeals, the state courts of Oklahoma are enjoined from further proceedings involving the same matters dealt with in the controversy before the Tenth Circuit Court of Appeals. The verdict in 170–787 is ordered expunged from the record and a writ of prohibition is ordered to be issued to that court against further proceedings.

A mandatory injunction shall issue to prohibit defendant O'Bryan from any further litigation with regard to the matters considered by the Tenth Circuit Court of Appeals. Defendant's motion to remand to the District Court of Oklahoma County will continue to be held in abeyance until appeals, if any, are exhausted.

Costs of the instant action are assessed against the defendant.