ST. LOUIS BAPTIST TEMPLE, INC., a Missouri non-profit corporation, Plaintiff-Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, a United States Corporation, and Harold E. Bray, Sheriff of Jefferson County, Colorado, Defendants-Appellees.

No. 79–1102.

United States Court of Appeals, Tenth Circuit.

Submitted July 30, 1979.

Decided Sept. 19, 1979.

Hannegan, Knight, Kennedy, Schoeneberg & Weber, Inc., St. Charles, Mo., for plaintiff-appellant.

Lowell White of White & Steele, P. C., Denver, Colo., for defendant-appellee Federal Deposit Ins. Corp.

No brief for plaintiff-appellee Harold E. Bray, Sheriff of Jefferson County.

Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

This is an appeal by St. Louis Baptist Temple, Inc. (Temple), a Missouri non-profit corporation, plaintiff below, from a summary judgment granted on the motion of the Federal Deposit Insurance Corporation (FDIC), a United States corporation, and Harold E. Bray, Sheriff of Jefferson County, Colorado, defendants below.

The FDIC became involved with the "recoupment" of Rocky Mountain National Bank following its closure resulting from insolvency. The FDIC elected to charter a new bank and to place cash into it to purchase "acceptable assets" pursuant to Colorado statutes and subject to the jurisdiction of the District Court of Jefferson County, Colorado. The new bank, Colorado National Bank of Lakewood, received some $3,000,000.00 from FDIC for the "unacceptable assets" which FDIC then undertook to collect. One of the "unacceptable assets" was a note executed by Soldiers of the Cross, Inc. (Soldiers) payable to Rocky Mountain Bank. After FDIC obtained state court judgment on the note against Soldiers, it pursued proceedings to execute upon certain real property in Jefferson County in satisfaction. This resulted in issuance of a Sheriff's Deed to FDIC.

This action originated when Temple filed a complaint, as the alleged successor in title of Soldiers by mesne conveyances, in the District Court in and for the County of Jefferson, State of Colorado, in May, 1978. The complaint alleged, inter-alia, that Temple was the legal and record owner of the real property situate in the County of Jefferson, Colorado, which was the subject of the Sheriff's Sale made in support of execution on the judgment granted FDIC against Soldiers. The suit challenged the validity of the sale by Sheriff Bray to FDIC in satisfaction of a judgment debt of $19,742.52 on the grounds that the property was of the alleged value of $250,000.00 and, further, that the sale was defective inasmuch as the publication of the Notices of Sheriff's Sale were not made in accordance with Colorado statutes and were, accordingly, violative of the Due Process Clause of

the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Section 25 of the Constitution of the State of Colorado. Temple prayed for this relief: That the purported Sheriff's Sale be set aside and that all ownership rights of Temple be restored or, in the alternative, that Temple be awarded damages of $250,-000.00 (presumably representing the value of subject property) and additional damages of $100,000.00, together with attorney's fees.

FDIC and Bray, hereinafter referred to jointly as appellees, removed the action to the United States District Court for the District of Colorado. Appellees filed Answers followed by Motions and Briefs for Summary Judgment, with attached exhibits. Temple, in turn, filed a Reply Brief in opposition to the Motions for Summary Judgment with attached exhibits. In addition to the exhibits attached to the respective briefs of the parties, certain pertinent exhibits were filed concurrent with the filing of appellees' Reply Brief on October 2, 1978. The relevant exhibits contained in the file, considered by the District Court in granting the Motions for Summary Judgment, together with all of the pleadings and briefs of the parties, are: (a) an annual registration report executed by Bill Beeny, President of St. Louis Baptist Temple, Inc., on January 24, 1974, with the Secretary of State, State of Missouri; (b) Proof of Publication and copy of Publication of Sheriff's Sale of the subject real property by Sheriff Bray upon Writ of Execution aforesaid; (c) Sheriff Bray's Certificate of Purchase dated April 3, 1973, evidencing execution sale held on January 18, 1972, of the subject property to FDIC, as plaintiff, and against Soldiers, defendant, duly recorded; (d) Sheriff Bray's Deed dated April 20, 1973, to FDIC conveying the subject property, duly recorded; (e) The District Court's Memorandum Opinion in Civil No. C-4227, filed June 17, 1976, wherein FDIC was plaintiff and Soldiers of the Cross and Dorothy Goff Memorial Library, Inc., (Goff) non-profit organizations, were defendants; (f) Judgment of the District Court in Civil No. C-4227 in favor of FDIC and against Soldiers and

Goff, dated June 18, 1976; (g) Opinion No. 76–1921, filed March 3, 1978, by the United States Circuit Court of Appeals, Tenth Circuit, affirming the District Court's judgment in Civil No. C-4227.

Following a full hearing held November 20, 1978, the District Court granted the motions for summary judgment on the ground that ". . . everything included in it [the case] has been litigated and re-litigated in both the state and federal courts. I think that the United States Court of Appeals spoke rather convincingly last time around, and I rule on the basis of the truism that litigation has to come to an end someday." [R., Vol. I, p. 80].

On appeal, Temple contends that the District Court erred in granting the motions for summary judgment in that: (1) the court went beyond the record in this case and considered records in other and distinct cases involving other parties which were not offered or received in evidence and which did not consider the issues raised here, (2) the court failed to treat the allegations in the complaint regarding the validity of the Sheriff's Sale which can only be decided by trial on the merits, and (3) the court apparently based its action on the grounds of *res judicata* and/or collateral estoppel, neither of which apply because the validity of the Sheriff's Deed was not raised in prior litigation. Thus, Temple contends that "it is very clear that there are germane issues as to material facts in dispute" rendering summary judgment an inappropriate remedy. [Brief of appellant, p. 8].

■ Upon review, the appellate court is guided by the principle that summary judgment cannot be granted unless the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.Rules Civ. Proc., rule 56(c), 28 U.S.C.A.; *Ando v. Great Western Sugar Company*, 475 F.2d 531 (10th Cir. 1973). Significantly applicable in this case is the rule that a district court

may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment substantially as they would be utilized at trial. *Chandler v. O'Bryan*, 311 F.Supp. 1121 (D.C.Okl.1969), *reversed* on other grounds, 445 F.2d 1045 (10th Cir. 1971), *cert. denied*, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972); Wright & Miller, Federal Practice and Procedure: Civil § 2723; 6 Moore's Federal Practice, § 56.-11[1.–7]. Thus, a court may: consider stipulations, concessions of counsel, transcripts, exhibits and other papers, 6 Moore's Federal Practice, § 56.11[1.–8]; take judicial notice, whether requested or not (Fed.Rules Evid. Rule 201, 28 U.S.C.A.) of its own records and files, and facts which are part of its public records. 29 Am.Jur.2d, Evidence, § 85. Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Chandler v. O'Bryan, supra*; *Randy's Studebaker Sales, Inc. v. Nissan Motor Corporation*, 533 F.2d 510 (10th Cir. 1976); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); *Insurance Company of North America v. National Steel Service Center, Inc.*, 391 F.Supp. 512 (N.D.W.Va.1975), *affirmed*, 529 F.2d 515 (4th Cir. 1976); 9 Wigmore Evidence, Section 2579 (3rd Ed.); Hunter, Federal Trial Handbook, § 50.10 (1974). And, generally, that which may be judicially noticed need not be pleaded. *Buell v. Sears, Roebuck and Co.*, 321 F.2d 468 (10th Cir. 1963).

■ The doctrine of judicial notice has been utilized, *sua sponte*, when the defending party's motion for summary judgment is predicated on affirmative defenses such as *res judicata* or collateral estoppel, as in the case at bar. 6 Moore's Federal Practice, § 56.08, pp. 56–136. The proposition that a court may take judicial notice of its records and files has frequently proved useful in summary judgment proceedings. 6 Moore's Federal Practice, § 56.11[9]; 29 Am.Jur.2d, Evidence, § 14. The scope and reach of the doctrine of judicial notice has been enlarged over the years until today it includes those matters that are verifiable with certainty. 9 Wigmore, Evidence, 3rd Ed., 1940, § 2571;

Wright & Miller, Federal Practice and Procedure, Civil, § 2410. Thus, this court has held that a court may, *sua sponte*, take judicial notice of its own records and preceding records if called to the court's attention by the parties. *Ginsberg v. Thomas*, 170 F.2d 1 (10th Cir. 1948). Further, it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *Chandler v. O'Bryan, supra*; *United States ex rel. Geisler v. Walters*, 510 F.2d 887 (3rd Cir. 1975); *Barrett v. Baylor*, 457 F.2d 119 (7th Cir. 1972); *Rhodes v. Houston*, 309 F.2d 959 (8th Cir. 1963), *cert. denied*, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1962); *St. Paul Fire & Marine Insurance Company v. Cunningham*, 257 F.2d 731 (9th Cir. 1958).

With the above rules in mind, we turn now to Temple's appellate contentions.

## I.

■ Temple contends that the District Court erred in granting Summary Judgment when the court considered records in other and distinct cases involving other parties which [records] were not offered or received in evidence and which did not reach the issues raised here. The "issues raised" here involve, of course, the alleged invalidity of the Notices and the Sheriff's Sale aforesaid.

The District Court judicially noticed records and documents in Civil Action No. C–4227 filed in its Court entitled *Federal Deposit Insurance Corporation, a corporation, Plaintiff, v. Soldiers of the Cross and Dorothy Goff Memorial Library, Inc., nonprofit organizations, Defendants*, and the opinion of this Court in that case on appeal, bearing our No. 76–1921, filed March 3, 1978. From the exhibits in this record reflecting those proceedings, including the District Court's Memorandum Opinion of June 17, 1976, and this Court's opinion of affirmance filed March 3, 1978, together with other exhibits, we determine that

there cannot exist a genuine issue as to any of the following material facts:

On August 11, 1972, FDIC filed suit against Soldiers and Goff in the Federal District Court for the District of Colorado to set aside a conveyance from Soldiers to Goff of certain real property situate in Jefferson County, State of Colorado. Prior to the filing of the action, FDIC had, on December 9, 1971, obtained a judgment against Soldiers. On the very next day, December 10, 1971, Soldiers recorded a deed conveying the subject real property and other real property situate in Jefferson County, Colorado, to Goff. On August 11, 1972, FDIC filed suit in Civil Action No. C–4227, *supra*, against *both parties*, to set aside the conveyance of December 10, 1971, as fraudulent, and to enforce a judgment in the amount of $19,742. This suit was filed subsequent to FDIC's state court proceedings resulting in the judgment of $19,742.00 against Soldiers and state proceedings resulting in the issuance of a Sheriff's Deed to FDIC covering lands referred to as Parcel 2. We pick up the chain at this point by verbatim recital from this Court's unpublished opinion in No. 76–1921, filed March 3, 1978, *supra* :

. . . FDIC sued Soldiers on the note in state court and recovered a stipulated judgment of $19,742. No appeal was taken from the judgment. The day after the judgment was entered, Soldiers conveyed to defendant-appellant Dorothy Goff Memorial Library, without consideration, certain Colorado land, including a tract referred to as Parcel 2. FDIC brought this federal suit to set aside the conveyance as a fraud on creditors. It developed that the attempted conveyance of Parcel 2 was ineffective because of a mis-description. Through appropriate state proceedings, FDIC obtained a Sheriff's deed to Parcel 2.

· Despite the efforts of the trial court, this suit by the FDIC dragged on. Eventually, an amended trial order was entered which recognized nebulous counterclaims of Soldiers and Goff against FDIC, based on "legal and equitable" principles, for their recovery from FDIC, with inter-

est, of the money received by FDIC under the state court judgment through the levy on, and sale of Parcel 2. After further briefing and argument and consideration of exhibits offered, the trial court filed a memorandum opinion noting that FDIC then sought no relief against Soldiers and Goff and holding that Soldiers and Goff were entitled to no relief under their counterclaims. Judgment was entered dismissing the counterclaims.

The arguments of Soldiers and Goff on this appeal lack clarity. Soldiers says that it was the victim of the dishonesty of the officers of the closed bank and that FDIC's recovery on the fidelity bond is an accord and satisfaction of Soldiers' obligation under the note. An ancillary argument is that FDIC is unjustly enriched by a windfall.

The record defeats these arguments. Soldiers stipulated for the entry of the judgment obtained by FDIC on the note which Soldiers gave to the bank. The state court had jurisdiction of the parties and the subject matter. Its judgment is not subject to collateral attack. *Brennan v. Grover*, [158] Colo. [66], 404 P.2d 544, 546, cert. denied 383 U.S. 926, [86 S.Ct. 929, 15 L.Ed.2d 845] *neither is the sheriff's deed.* See *Riepen v. Robinson*, [150] Colo. [222], 372 P.2d 456, 460. [Emphasis supplied.]

[R., Vol. I, pp. 60–61].

Temple's complaint in the instant case acknowledges that its only claim of title is through and by reason of conveyance from Goff dated September 22, 1972, less than one month after FDIC filed Civil Action No. C–4227, *supra*, against Soldiers and Goff. At all times, according to the District Court's oral findings at the summary judgment hearing "The true plaintiff is Reverend Bill Beeny. He brings lawsuits under assorted names and under the names of assorted grantees." [R., Vol. I, p. 10]. Rev. Bill Beeny subscribed the complaint filed in this action as President of Temple. [R., Vol. I, p. 11]. The District Court's memorandum opinion in Civil Action No. C–4227 indicated clearly that Rev. Bill Beeny was

closely connected with both Soldiers and Goff. The Court said, *inter-alia*: "This is the second time around for defendants' counsel and for Rev. Bill Beeny who quarterback the case for defendants." [R., Vol. I, p. 54].

We reject Temple's contention that the District Court improperly considered records, documents and matters not before it at the hearing on the Motions for Summary Judgment.

## II.

██ We will now consider Temple's contentions (2) and (3) jointly. Temple contends that the District Court erred in (a) failing to properly treat the allegations in its complaint regarding the validity of the Sheriff's Sale and (b) in apparently predicating its Summary Judgment on grounds of *res judicata* and/or collateral estoppel. Temple argues that the validity of the Sheriff's Sale and Deed was not raised in prior litigation, i. e., the defective publication notices of sale and other defective proceedings including issuance of a Sheriff's Deed before the statutory period of redemption expired. Temple contends that there are genuine issues of material fact yet in dispute which can be resolved only upon trial on the merits. We disagree.

Quite obviously, Temple's only claim of title is through Goff. The prior litigation (Civil No. C–4227, *supra*) which resulted in affirmance in this court established that Soldiers and Goff were estopped from collaterally attacking *both* the judgment and the Sheriff's Deed. The same principle applies against Temple.

The related doctrines of *res judicata* and collateral estoppel apply against Temple.

In *Spence v. Latting*, 512 F.2d 93 (10th Cir. 1975) *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975), we said:

Where a second suit between the same parties *or their privies* is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated as well as those which could have been litigated. *Cromwell v. County of Sac.*, 94 U.S. 351,

24 L.Ed. 195 (1876); *Providential Development Co. v. United States Steel Co.*, 236 F.2d 277 (10th Cir. 1956) . . . Restatement of Judgments §§ 61–65 (1942). This long established doctrine is based upon the policy of preventing endless or repetitive litigation by effectively coercing the plaintiff to present all his grounds for recovery in the first proceeding. *Id.* at § 63, comment a. (Emphasis supplied).

512 F.2d at p. 98.

In *Finnerman v. McCormick*, 499 F.2d 212 (10th Cir. 1974), *cert. denied*, 419 U.S. 1049, 95 S.Ct. 624, 42 L.Ed.2d 644 (1974), we spoke about the doctrines of *res judicata* and collateral estoppel in relevant part, as follows:

. . . This doctrine (res judicata) precludes relitigation of a *judgment* on the merits in a prior suit which involved the same parties *or their privies*. A related doctrine is that of collateral estoppel which precludes relitigation of *issues* actually litigated and determined in a prior suit *regardless of whether based on the same cause. See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (Emphasis supplied).

499 F.2d at p. 214.

There is no definition of "privity" which can be automatically applied in all cases involving the doctrines of *res judicata* and collateral estoppel. Thus, each case must be carefully examined to determine whether the circumstances require its application. This is so, notwithstanding the general assumption that *res judicata* applies only if the parties in the instant action were the same and identical parties in the prior action resulting in a judgment. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *Green v. Bogue*, 158 U.S. 478, 15 S.Ct. 975, 39 L.Ed. 1061 (1895). In our

view, these requirements are satisfied in the case at bar.

Privity has been found in cases involving a person so identified in interest with another that he represents the same legal right. *United States v. California Bridge & Construction Co.*, 245 U.S. 337, 38 S.Ct. 91, 62 L.Ed. 332 (1917); 69 A.L.R. 849. It has been held that privity exists in relation to subject matter between prior and instant litigation· if the parties to the instant litigation *claim under the same title.* It has been said that:

> Under this rule, privity denotes mutual or successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment. There is privity within the meaning of the doctrine of res judicata where there is an identity of interest and privity in estate, so that a judgment is binding as to a subsequent grantee, transferee, or lienor of property. This is in harmony with the view that a judgment is binding on privies because they are identified in interest, by their mutual or successive relationship to the same rights of property which were involved in the original litigation.
>
> 46 Am.Jur.2d, Judgments, § 532, pp. 684, 685.

"Collateral estoppel" is an aspect of *res judicata* which precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim between the same parties or their privies. The doctrine was well stated in *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948):

> It is first necessary to understand something of the recognized meaning and scope of *res judicata*, a doctrine judicial in origin. The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establish-

ment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, *the parties to the suit and their privies* are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac.*, 94 U.S. 351, 352, [24 L.Ed. 195.] The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, "Res Judicata", 38 Yale L.J. 299; Restatements of the Law of Judgments, §§ 47, 48. (Emphasis supplied).

> 333 U.S. at p. 597, 68 S.Ct. at p. 719.

*Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974) sets forth the following criteria for determining when the doctrine of collateral estoppel applies:

> First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? Third, was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And, fourth, did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?
>
> 517 P.2d at p. 399.

Speaking of the "parties rule" in relation to the aforesaid doctrines, the following from 1 B Moore's Federal Practice, § 0.411[1] (2nd Ed. 1974) is, we believe, quite relevant to the instant case:

> But perhaps the more traditional statement of the parties rule concerns itself only with what persons are *bound* by a judgment and, speaking to this matter, limits the binding effect of the judgment to those who were parties or privies to the action in which the judgment was rendered . . .

Whether or not a person was a party to a prior suit, under the requirement of identity of parties "must be determined as a matter of substance and not of mere form. The essential consideration is that it is the right of the [same person] which was presented and adjudicated in both courts." . . .

Corollaries . . . are that a person whose interest was represented by one having authority to represent him is bound by the judgment, although he is not formally a party; . . . and that successive representatives of the same interest are bound, in their representative capacities, by judgments in suits to which their predecessors were parties. These corollary propositions can be explained on the theory that the party bound in the second suit is the person whose interest, in substance if not formally, was at stake in the prior litigation.

*Id.* at pp. 1251–1254.

In the recent opinion entitled *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) the Supreme Court observed:

. . . Application of both doctrines (collateral estoppel and res judicata) is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. *Southern Pacific Railroad, supra,* at 49 [18 S.Ct. at 27]; *Hart Steel Co. v. Railroad.Supply Co.,* 244 U.S. 294, 299 [37 S.Ct. 506, 61 L.Ed. 1148] (1917). To preclude parties from contesting matters that they may have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.[4]

These interests are similarly implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and seek to redetermine issues previously resolved.[5] As this Court observed in *Souffront v. Compagnie des Sucreries,* 217 U.S. 475, 486–487 [, 30 S.Ct. 608, 54 L.Ed. 846] (1910), the persons for whose benefit and at whose direction a cause of action is litigated cannot be said to be "strangers to the cause . . . [O]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record." See *Schnell v. Peter Eckrich & Sons, Inc.,* 365 U.S. 260, 262 n. 4, [81 S.Ct. 557, 5 L.Ed.2d 540] (1961); cf. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 111 [, 89 S.Ct. 1562, 23 L.Ed.2d 129] (1969). Preclusion of such nonparties falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action . . .

. . . Of possible relevance is the exception [to the general principles of estoppel] which obtains for "unmixed questions of law" in successive actions involving substantially unrelated claims. *United States v. Moser,* 266 U.S. 236, 242 [, 45 S.Ct. 66, 69 L.Ed. 262] (1924). As we recognized in *Moser*:

"Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action *upon a different demand* are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But *a fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or an erroneous application of the law." *Ibid.* (emphasis added).

440 U.S. at 153–162, 99 S.Ct. at 974, 978 (Footnotes omitted).

Thus, we hold that Temple is estopped from litigating its claims advanced in the instant action by virtue of the earlier judgment rendered by the federal District Court

in Civil Action No. C–4227, supra, together with other facts, actions and relationships judicially noticed.

WE AFFIRM.