**SPECTRAVEST, INC., Plaintiff,**

**v.**

**MERVYN'S INC., a California corporation, Defendant.**

**No. C 87 0180 DLJ.**

United States District Court, N.D. California.

Nov. 17, 1987.

John Hughes, Anthony B. Diepenbrock and Katherine Spelman of the law firm Townsend and Townsend, San Francisco, Cal., for plaintiff.

Paul Smithers of the law firm Ropers, Majeski, Kohn, Bentley, Wagner and Kane, San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

JENSEN, District Judge.

Plaintiff Spectravest, the owner of the copyright to the "Puzzle Teddy" fabric design, brings this motion for summary judgment in their copyright infringement action against defendant Mervyn's. Spectravest seeks permanent injunctive relief against the continued use by defendant of a fabric design allegedly copied from "Puzzle Teddy", infringement liability, profits, and reasonable attorney's fees under the U.S. Copyright law, 17 U.S.C. §§ 106, 501, and 602. Jurisdiction is based on 28 U.S.C. § 1338(a).

## I. FACTS

The basic facts are not in dispute. Spectravest is a clothing manufacturer specializing in garments printed with original silk screen designs. Mervyn's is a department store chain which creates garments for its own, in-store line of fashions, using the mark "Unicorn Club by Mervyn's."

In 1984, a Spectravest artist created the "Puzzle Teddy" design. This design resembles a jigsaw puzzle, using flattened teddy bears shapes as puzzle pieces connected randomly by interlocking lines. Spectravest registered this design in the United States Copyright Office on February 8, 1985. The Copyright Office issued Registration No. VA 186 441. Spectravest produced sweatshirts and girls' dresses with the "Puzzle Teddy" design on either a gray or white background.

Each one of these garments carried a neck label with a copyright notice: "c SCARAB 1984" on sweatshirt neck labels; "c SPUMONI 1984" on the dress labels. I. Magnin, among other stores, sold the garments.

In the fall of 1985, while on a business trip to Southern California, a buyer for Mervyn's purchased a "Puzzle Teddy" sweatshirt at I. Magnin's. The buyer, who

was in the process of planning Mervyn's upcoming spring and summer girl's play-wear line, showed a freelance artist either a black and white photograph (according to the buyer and artist) or the actual purchased garment (according to Defendant's Answer to Interrogatory No. 4). The buyer identified the pattern to the artist as sold under the name of "SCARAB."

The artist, using the "Puzzle Teddy" pattern as a model, developed a design of hearts and teddies intended to be very childish and appealing to young girls. Mervyn's took this design, sent it to Taiwan and Singapore to be printed, and between September 1986 and January 1987, imported 13,020 girl's sweatshirts, sweat outfits, and rompers into the United States. Mervyn's has sold approximately 7,932 of these garments for about $114,000, for a net profit of $54,009. 5,100 garments remain in inventory.

Both Mervyn's and Spectravest printed their silkscreen designs on a gray or white background. The two designs feature randomly placed silhouettes of flattened teddy bears resembling pieces of a jigsaw puzzle. The teddies of both designs appear in the strong primary colors of red, yellow, and blue. Curved lines in the same bright colors run between Spectravest's teddies and Mervyn's teddies. The only difference between the two designs is the presence of outlined hearts in Mervyn's design. These hearts appear in the same colors as the interconnecting lines.

Spectravest instituted this lawsuit in January 1987, shortly after the heart-teddy garments appeared in Mervyn's. On October 14, 1987, Spectravest moved for summary judgment. Mervyn's responded with numerous evidentiary objections to the evidence plaintiff included with its summary judgment motion, as well as with a motion for Sanctions pursuant to Federal Rule of Civil Procedure 11.

## II. DEFENDANT'S EVIDENTIARY OBJECTIONS

As a threshold matter, this Court must address defendant's evidentiary objections. Defendant contends that the Court should not consider many of plaintiff's exhibits and affidavits in this motion for summary judgment. Federal Rule of Civil Procedure 56(e) provides that any affidavits and supplementary material submitted in support of a motion for summary judgment must be admissable in evidence, i.e. conform to the Federal Rules of Evidence.

Stripped of affidavits, documents, and exhibits, this motion, like any other motion for summary judgment, would necessarily fail, as the Court would have no facts before it to determine whether any genuine issue of fact exists. Therefore, this Court must determine whether the evidence is properly before it prior to addressing the merits of the Motion.

■ Defendant first objects to the introduction of two photographs into evidence for lack of proper authentication pursuant to Federal Rule of Evidence 901(a). The two offending exhibits are color photographs of a Spectravest "Puzzle Teddy" sweatshirt and a Mervyn's heart-teddy sweatshirt.

However, these photographs have been properly authenticated by three Declarations plaintiff filed with its Reply in Support of its Motion for Summary Judgment: the Hughes Declaration, ¶¶ 2, 3; the Woynilko Reply Declaration ¶ 6; and the Chapman Declaration ¶ 3.

Defendant requests that the Court not consider the photographs, nor any reference to them. This request is quite striking as it would presumably also apply to the consideration of the Declaration of defendant's expert, professional textile designer Marybeth Novak, who states that her opinion is based on her review of the exhibits defendants seek to have excluded. (Novak Declaration, ¶ 5). Since the photographs are properly before the Court, plaintiff's and defendant's references to them will be considered.

■ Second, defendant objects to Plaintiff's selective use of defendant's answers to interrogatories and document requests, contending that plaintiff should have attached the entire set of the interrogatories and their answers to this Motion. Defend-

**1490**

ant bases this novel argument on the Best Evidence Rule, Federal Rule of Evidence 1001 and 1002.

The entire set of interrogatories and answers are on file in this case. It would indeed vastly strain beyond all comprehension the resources of this and other Courts if the Best Evidence Rule required complete sets of interrogatories to be attached to every summary judgment motion. Properly included are those portions of the interrogatories plaintiff relies on for its motion. These portions are admissable as duplicates pursuant to F.R.E. 1003.

■ Defendant raises an objection to the admissability of two photographs of designs attached to the Declaration of Rose Cage, head of Spectravest's Design department. Defendant contends these photographs are not properly authenticated pursuant to F.R.E. 901. However, Ms. Cage's declaration states in plain English, "A copy of the design ["puzzle teddy"] is attached to this Declaration as Exhibit 1", ¶ 11; and "A copy [of the SCRABBLE] design is attached as Exhibit 2", ¶ 13. These photographs are properly before the Court.

■ Next, defendant objects that the Copyright Registration and the assignment of this copyright referred to in the Woynilko Declaration must be totally disregarded because neither the Registration nor the assignment is attached to this Declaration. Federal Rule of Civil Procedure 56(e) provides that "all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

However, the Copyright registration is attached to and authenticated by the Magaline Delcaration, filed with the Motion. Since Mr. Woynilko personally assigned the Copyright to Spectravest, he has personal knowledge of it and may testify competently in his Declaration. However, the Court notes that the assignment is attached and authenticated to the Woynilko Reply Declaration, ¶¶ 4 and 5. The Copyright Registration is properly before the Court.

■ Defendant next objects to mention of a previous infringement lawsuit filed by Spectravest against Mervyn's, contending that the complaint has not been properly authenticated pursuant to F.R.E. 901 and 902. However, this Court may take judicial notice of the existence of an earlier pleading, particularly when the same parties are involved. *St. Paul Fire and Marine Insurance Co. v. Cunningham*, 257 F.2d 731, 732 (9th Cir.1958). In addition, the Declaration of Anthony B. Diepenbrock, filed with Plaintiff's Reply in Support of its Motion for Summary Judgment, authenticates a copy of the previous complaint. References to the previous lawsuit are properly before the Court.

■ Finally, defendant objects on the basis of hearsay and best evidence to the statement by Spectravest's president, Todd Magaline, that the garments contained neck labels inscribed with Spectravest's business name and a copyright notice.

Since Mr. Magaline's testimony is based on personal knowledge, this Court fails to understand defendant's hearsay objection. To the extent testimony of the contents of the label do not meet the requirement of the Best Evidence Rule, plaintiffs have now submitted into evidence the actual garments. The Court notes that the Spectravest garment indeed contains a neck label reading c SCARAB 1984. Evidence of the copyright notice inscribed on the neck label is properly before the Court.

Since there is no merit to any of defendant's evidentiary objections, defendants Motion to Strike and for Rule 11 Sanctions is DENIED. Now that the evidence is properly before the Court, we may turn to an examination of the substantive merits of the Motion for Summary Judgment.

## III. INFRINGEMENT

### The test for infringement

■ To establish copyright infringement, a plaintiff must prove ownership of the copyright and "copying" by the defendant. *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir.1977). "Copying" is demonstrated by evidence of access to the copyrighted work and substantial similarity between

the copyrighted work and the defendant's work. *Id.*

No dispute exists as to plaintiff's ownership of the copyright. Thus, the only matters to be resolved are those of defendant's access to the copyrighted design and substantial similarity between the two designs.

Access to the copyrighted design

Often it is impossible to prove direct access to the copyrighted work, and plaintiff must rely on circumstantial evidence to demonstrate access. 3 Nimmer on Copyright, § 13.02 at 13–9 (1987) (hereinafter Nimmer). However, in this case, proof of access is as direct as is possible: defendant admits buying the copyrighted work and using either the actual garment or a photograph of the design as a model.

■ However, even direct evidence of access will not suffice to show copying absent substantial similarity. *Sid & Marty Krofft Television v. McDonald's, supra,* at 1172. However, where clear and convincing evidence of access exists, as here, the degree of proof necessary to show substantial similarity may be lower. *Id.* Professor Nimmer has labelled this "the Inverse Ratio Rule." Nimmer, § 13.03 at 13–46.

Substantial similarity between the two designs

■ Defendant argues that since copyright law does not protect the idea, but only the expression of the idea, defendant is free to include the generic, ubiquitous teddy-bear in its design without infringing plaintiff's work.

Clearly, copyright law does not extend to protection of the idea, but only to the expression of the idea. *Mazer v. Stein,* 347 U.S. 201, 217–18, 74 S.Ct. 460, 470–71, 98 L.Ed. 630 (1954). If this were not so, plaintiff would be able to gain a monopoly over the entire design and production of teddy bears. The scope of copyright protection does not go so far. *Sid and Marty Krofft Television v. McDonald's Corp., supra,* at 1163.

The often ephemeral task for courts in infringement actions, then, is to determine whether there is substantial similarity of the idea or of the expression of the idea. A finding of mere similarity of ideas, no matter how absolute the evidence of access, will lead to a determination of no infringement. A finding of similarity of expression will result in a finding of infringement.

■ To aid in this determination, this Circuit has adopted a two-part test. The first step, labelled an "extrinsic test", requires a determination of substantial similarity between the ideas. The criteria that may be analyzed at this stage include the type of artwork, the materials, the subject matter, and the setting for the subject matter. *Sid & Marty Krofft Television v. McDonald's Corp., supra,* at 1164.

The second step, labelled an "intrinsic test", involves a determination of substantial similarity between the expressions of the idea. This depends not on expert testimony or analytic dissection, but instead on the response of the ordinary lay person. *Id.* Thus, the question at this stage is whether defendants captured the "total concept and feel" of plaintiff's work. *Baxter v. MCA, Inc.,* 812 F.2d 421, 424 (9th Cir.1987).

Turning to an application of the two-part test to the "Puzzle Teddy" design and defendant's heart-teddy design, this Court concludes, as a matter of law, that the ideas are substantially similar. The subject matter is strikingly similar: flattened teddy bears, arms outstretched. Both plaintiff's and defendant's design are primarily silkscreened on sweatshirts.

■ The real nub of defendant's argument, however, is that under the second part of the two-part test, substantial dissimilarity exists between the two expressions of the idea. To this end, defendants introduce, by way of declaration, expert testimony by Marybeth Novak, a professional textile designer.

Ms. Novak opines that the two patterns are very different. She notes that the "Puzzle Teddy" pattern is based on an interlocking jigsaw puzzle concept, while the hearts-teddy pattern is free-floating, conveying "the idea of playfulness and free-

dom associated with childhood." (Declaration of Marybeth Novak, ¶¶ 8, 9.)

As an initial matter, this Court notes that under this part of the two-part test, analytic dissection is inappropriate. In *Krofft, supra,* the Ninth Circuit rejected expert analysis of similarities and differences among characters in plaintiff's television program and defendants' TV commercials, and instead asked whether the defendants' work captured the total look and feel of plaintiffs' works. *Krofft,* 562 F.2d at 1167.

After examining the two works, this Court is struck by the similarity between the designs. Not only are the outstretched teddies overwhelmingly similar, but the interconnecting lines attaching the teddies to each other, creating the "jigsaw puzzle" impression, are virtually indistinguishable to the viewer.

Furthermore, the strong primary colors used are the same. The background colors are the same. Plaintiff used a gray or white background. Defendant used a gray, white or black background. As noted earlier, the types of garments are the same.

The only difference between the two designs is that some of the interconnecting lines in defendant's pattern are attached to outlined hearts. However, even these hearts appear to be part of a jigsaw puzzle configuration. The use of the hearts, particularly when they appear to be part of a puzzle pattern, in no way defeats the similarity of the "total concept and feel" of the two patterns. Indeed, both look like "Puzzle–Teddies."

Even if only a small portion of a copyrighted work is copied, substantial similarity may properly be found when this portion is qualitatively important. *Baxter v. MCA, Inc.,* 812 F.2d at 425. By contrast, what is copied here is the qualitatively important *large* portion of the copyrighted work; what is new, the outlined hearts, is relatively minor. Only an actual photocopy would have *no* differences.

Thus, this Court is satisfied that the two patterns are substantially similar, both as to the idea and, most significantly, as to the expression of the idea. Having established ownership of copyright, direct access, and substantial similarity, plaintiff has proved infringement.

Standard for summary judgment

Summary judgment may only be granted when there is no genuine dispute as to a material fact. Fed.R.Civ.P. 56(c). This court must view the evidence and inferences in the light most favorable to the nonmovant, here Mervyn's. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Since substantial similarity is usually an extremely close question of fact, summary judgment has traditionally been disfavored in copyright litigation. *Twentieth Century–Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1330, n. 6 (9th Cir.1983). However, this does not mean that summary judgment is never appropriate in infringement actions. Where the works are so overwhelmingly identical that the possibility of independent creation is precluded, summary judgment may properly be granted. *Id.,* at 1330.

Many of the decisions in this Circuit failing to grant summary judgment on the issue of substantial similarity have involved complex artworks, such as movies or songs. *See, e.g., Baxter v. MCA, Inc, supra; Twentieth Century–Fox Film Corp. v. MCA, Inc., supra.*

An analysis of movies in copyright infringement actions necessarily involves an examination of many factors, such as plot, characters, and dialogue. An analysis of songs necessarily involves an examination of the subtle fusion of lyrics and music. Reasonable minds may often differ as to the "total concept and feel" of such complex artworks. What must be weighed in these cases are subtle, nuanced, interrelationship of many components.

Summary Judgment applied to this case

By contrast, an examination of a fabric pattern is necessarily more straightforward. Since the fabric industry is primarily based in New York, much of copyright litigation concerning fabric design has been centered in the Second Circuit. An examination of decisions from the Second Circuit

is helpful to the determination in this matter.

In *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960), Judge Learned Hand affirmed the granting of a preliminary injunction forbidding infringement of a women's dress design, stating, "... the ordinary observer, unless he set out to detect the disparaties, would be disposed to overlook them, and regard their aesthetic appeal as the same."

In *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 (2d Cir.1977), the Court reversed the District Court's refusal to grant a preliminary injunction in a fabric design case, finding that not only were the two designs substantially similar, but "to our 'lay' eyes, [they are] ... almost identical."

Since the "Puzzle Teddy" design and the hearts-teddy design are, to this Court's "lay" eyes, virtually identical, summary judgment is proper.

### Remedies

■ Spectravest is statutorily entitled to recover its actual damage plus any profits of the infringer which are not taken into account in computing actual damages. 17 U.S.C. § 504(b). This Court grants Spectravest's request of $54,009, Mervyn's admitted profit.

In addition, this Court grants Spectravest's request for permanent injunctive relief, pursuant to 17 U.S.C. § 502.

■ Finally, Spectravest requests an award of attorney fees and costs pursuant to 17 U.S.C. § 505, which allows the discretionary award of costs and fees to the prevailing party in a copyright infringement action. Such an award is appropriate where a defendant has willfully or deliberately infringed a copyright. *Transgo, Inc. v. Ajac Transmission Parts, Corp.*, 768 F.2d 1001, 1026 (9th Cir.1985).

Defendant contends it had no knowledge of the existence of plaintiff's copyright. However, defendant's buyer identified the purchased garment to defendant's artist as the "SCARAB" garment. The word "SCARAB" only appears on the neck label of the "Puzzle Teddy" garments. Imprinted next to the word "SCARAB" on the neck label is the copyright notice. If Mervyn's did not have actual notice of the copyright registration, this juxtaposition certainly would constitute constructive notice.

In addition, this Court takes note of the fact that Spectravest previously sued Mervyn's for infringement of unrelated copyright designs just five months before the "Puzzle Teddy" purchase. (Civil Action No. 85 5190 AJZ). This fact alone indicates that at the very minimum Mervyn's should have been on notice of the importance of examining plaintiff's garments for the existence of a copyright registration notice.

On this basis, this Court awards reasonable costs and attorney's fees to plaintiff.

This Court GRANTS plaintiff's Motion for Summary Judgment. Profits of $54,-009, permanent injunctive relief, and reasonable costs and attorney's fees are awarded to plaintiff.

IT IS SO ORDERED.